OPINION
{¶ 1} Defendant-appellant, EMC Mortgage Corporation ("EMC"), appeals from two judgments of the Franklin County Court of Common Pleas: (1) a default judgment the trial court granted against EMC to plaintiff-appellee, Bank One, N.A. ("Bank One") (case No. 03AP-930), and (2) the trial court's judgment denying EMC's Civ.R. 60(B) motion for relief from judgment (case No. 03AP-1215). Because the trial court improperly denied EMC's motion for relief from judgment, we reverse.
 {¶ 2} On September 3, 2002, Bank One filed a complaint seeking to foreclose on property of Pamela and Thomas Gibson. Bank One named EMC a defendant in the complaint, asserting EMC may have an interest in the property. Exhibit C, attached to Bank One's complaint, reflects EMC's interest as a senior lien holder of a valid first mortgage on the property.
 {¶ 3} According to the record, a copy of the complaint was served upon EMC via its registered agent, CT Corporation, in December 2002. Having not received answer to the complaint from a number of defendants, including EMC, Bank One on August 11, 2003 filed a motion for default judgment against, among others, EMC. EMC received a copy of the motion for default judgment on August 14, 2003, and on the same day contacted counsel for Bank One, requesting and receiving a facsimile copy of the original complaint. On August 21, 2003, the trial court entered default judgment against EMC. Unaware of the judgment and believing the matter had been set for hearing on September 8, 2003, EMC on August 29 filed an answer and cross-petition, as well as an affidavit-supported motion for extension of time to move, answer or otherwise plead to Bank One's complaint. On September 4, 2003, EMC learned of the judgment against it.
 {¶ 4} On September 10, 2003, EMC filed a Civ.R. 60(B) motion for relief from judgment. Although the trial court had not yet ruled on the Civ.R. 60(B) motion, EMC filed its first appeal with this court on September 22, 2003 to preserve its right of appeal regarding the default judgment entered against it. Given the pending motion in the trial court, this court remanded the case to allow the trial court to rule on the motion for relief from judgment. On November 6, 2003, the trial court denied EMC's motion for relief from judgment, prompting EMC's second appeal. In this consolidated appeal, we address the following assigned errors arising from both EMC's appeal of the default judgment and its appeal from the judgment denying it relief from that judgment:
I. The trial court erred in denying EMC's motion for relief from judgment because EMC's meritorious defense appeared on the face of the record.
II. The trial court erred in denying EMC's motion for relief from judgment without conducting an evidentiary hearing because EMC's motion alleged sufficient operative facts to justify relief.
III. The trial court erred in granting default judgment against EMC because Bank One did not comply with the notice requirements of Rule 55 of the Ohio Rules of Civil Procedure and the trial court did not conduct a hearing.
 {¶ 5} EMC's first assignment of error asserts the trial court erred in not granting its motion for relief from judgment. The trial court found EMC's timely motion satisfied the requirements as set forth in Civ.R. 60(B)(2) and (3), but it denied EMC's motion solely because it concluded EMC had not established a meritorious defense or claim to present if relief were granted. To prevail on a Civ.R. 60(B) motion, the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken. Cannell v. Robert L. Bates Co. (Mar. 8, 2001), Franklin App. No. 00AP-915, discretionary appeal not allowed,92 Ohio St.3d 1441, following GTE Automatic Electric v. ARC Industries
(1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 6} Moreover, as this court has noted, "[n]either Civ.R. 60(B) nor any decision from the Supreme Court of Ohio requires a movant to submit evidentiary materials in support of the motion. However, in its motion or memorandum in support, a movant must do more than make bare allegations of entitlement to relief." YourFinancial Comm. of Ohio, Inc. v. Emerick (1997),123 Ohio App.3d 601, 607 (noting also that "the courts of appeals are divided on the question of whether a trial court can be held to have abused its discretion in overruling a Civ.R. 60(B) motion when no evidentiary materials have been submitted"). Id. at 608. See, also, Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 20. In essence, a movant "must enlighten the court as to why relief should be granted. The burden is upon the movant to demonstrate that the interests of justice demand the setting aside of a judgment normally accorded finality." Emerick, at 607, quotingRose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 21. A movant meets its burden by setting forth operative facts that demonstrate the three-pronged test for Civ.R. 60(B) relief is met.
Pridemore v. Pridemore (Dec. 17, 1992), Franklin App. No. 92AP-327 (noting that a Civ.R. 60(B) motion setting forth operative facts warrants an evidentiary hearing, but mere conclusory allegations are insufficient to justify such a hearing).
 {¶ 7} In its memorandum in support of its motion for relief from judgment, EMC asserted that it "has a meritorious defense. Based upon a mortgage filed in its favor, EMC holds a valid lien against the Subject Real Property. EMC's mortgage remains unsatisfied and is first, prior and superior to all other liens on the Subject Real Property." EMC thus specifically alleged facts sufficient to support a meritorious defense in support of its motion for Civ.R. 60(B) relief. Emerick, supra.
 {¶ 8} Were any doubt to exist regarding the sufficiency of EMC's operative facts, other factors in this case eliminate the doubt. Bank One submitted as Exhibit C to its complaint a title search indicating EMC had been assigned a recorded mortgage prior in time to the mortgage subject of Bank One's foreclosure action. Similarly, the documents attached to EMC's admittedly untimely answer include evidentiary materials supporting the defense set forth in its Civ.R. 60(B) motion. Indeed, Bank One did not controvert any operative facts set forth in EMC's motion for relief from judgment. The trial court thus erred in summarily overruling EMC's motion. The issue thus resolves to whether the trial court must conduct an evidentiary hearing on EMC's motion before ruling on it.
 {¶ 9} Ordinarily, the remedy on appeal would entail a reversal and remand for an evidentiary hearing to allow the trial court to exercise the discretion granted it under Civ.R. 60(B). Where, as here, Bank One submitted nothing in opposition to EMC's Civ.R. 60(B) motion and, to the contrary, tacitly supported EMC's assertions of a meritorious defense with its own complaint, a remand for an evidentiary hearing would be superfluous. SeeDoddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9, syllabus (concluding that where the record contains sufficient evidence, the trial court may grant Civ.R. 60(B) relief without conducting an evidentiary hearing); Estate of Orth v. Inman, Franklin App. No. 99AP-504, 2002-Ohio-3728, at ¶ 33, discretionary appeal not allowed, 97 Ohio St.3d 1482.
 {¶ 10} We acknowledge the decision to grant or deny a Civ.R. 60(B) motion for relief from judgment rests in the sound discretion of the trial court and may be upset on appeal only upon a showing of an abuse of discretion. Kaufman Cumberlandv. Jalisi, Cuyahoga App. No. 80389, 2002-Ohio-4087, at ¶ 20, following Doddridge, supra. We, however, also recognize the law favors disposition of cases based on their merits rather than procedural issues. See Tokles Son, Inc. v. Midwestern Indemn.Co. (1992), 65 Ohio St.3d 621, 632. Under the circumstances of this case, the trial court abused its discretion in not granting EMC's motion for relief from judgment. EMC's first assignment of error is sustained.
 {¶ 11} EMC's second and third assignments of error are rendered moot by our disposition of the first assignment of error and, accordingly, we decline to address them. Having sustained EMC's first assignment of error, rendering moot its second and third assignments of error, we reverse the judgments of the trial court and remand for further proceedings consistent with this opinion.
Judgments reversed and cases remanded.
 Lazarus, P.J., and Bowman, J., concur.