OPINION
{¶ 1} Defendant-appellant, Parthenon Properties, Inc. ("Parthenon"), appeals from a judgment of the Franklin County Court of Common Pleas that granted a motion for relief from a portion of a prior judgment relating to lien priorities between Parthenon and plaintiff-appellee, Bank One, N.A. ("Bank One"), in this mortgage foreclosure action.
 {¶ 2} On October 29, 2002, Bank One filed a complaint in foreclosure against defendants William J. Ray ("Ray"), Parthenon, Howard M. Hackman, Worthington Forest Condominium Association, and the Franklin County Treasurer. In the complaint, Bank One alleged that Ray entered into a promissory note agreement with Bank One for $47,325. In exchange for the loan, Ray executed and delivered to Bank One a mortgage deed for real estate consisting of a condominium located at 5860 Worthington Forest Place in Columbus. The complaint alleged Ray defaulted on the mortgage, thus entitling Bank One to foreclosure. The complaint also stated that Bank One was an assignee of Worthington Forest Condominium Association for unpaid condominium fees in the amount of $6,500, and that Bank One was seeking to foreclose Worthington Forest's lien in addition to its mortgage. The complaint additionally referenced possible interests in the property by Parthenon, Howard M. Hackman, and the Franklin County Treasurer. Finally, the complaint prayed for judgment against Ray in the sum of the amount owed plus interest, that Bank One be found to have a valid lien on the premises, that the mortgage be foreclosed, that the property be sold to satisfy the debt, that all defendants be required to come forward with their claims or liens, and that upon the sale of the property the proceeds be paid to Bank One to satisfy its lien, plus interest.
 {¶ 3} On November 21, 2002, the Franklin County Treasurer answered the complaint, seeking that any taxes or tax-related debt be declared a lien on the property. On December 10, 2002, Worthington Forest Condominium Association answered the complaint and included a cross-claim, indicating that Ray owed it $1,102.73 plus condominium assessments due on and after July 31, 2000, and praying that it be declared a valid lienholder and that the lien be paid from proceeds from a foreclosure sale. On December 24, 2002, Hackman answered the complaint, acknowledging a recorded mechanic's lien against the property in the amount of $22,375, and praying that this amount be refunded to him from proceeds of a sheriff's sale of the property.
 {¶ 4} The record indicates some difficulty in obtaining service of process upon Hackman, Parthenon, and Ray. Parthenon finally answered the complaint on March 13, 2003. In its answer, Parthenon indicated its interest in the property was secured by a recorded mortgage dated December 1994, and that Bank One's complaint was barred by various legal and equitable principles. Parthenon further alleged, among other things, that Bank One had been paid all sums rightfully owed it, that Bank One's claims were subject to offset and counterclaim, and that Bank One is guilty of misconduct and thus not entitled to recover. Parthenon did not set forth any operative facts to support these claims, but generally stated it reserved the right to assert any and all other affirmative defenses as it became aware of them. Finally, Parthenon prayed that it be found to have first and best lien on the property, and, upon sale, that it be paid $60,000 plus interest in satisfaction of its lien.
 {¶ 5} The record discloses further difficulty in serving process on Ray, with Bank One finally serving notice by publication in July 2003.
 {¶ 6} On October 7, 2003, Bank One filed a motion for default judgment against Ray. On October 10, 2003, the trial court granted default judgment and a decree of foreclosure. That judgment stated, in part:
Defendant, Parthenon Properties, has filed their respective answer and has a lien on said property by virtue of a Mortgage in the amount of $60,000.00, filed December 20, 1994, recorded in Official Records Vol. 28135, Page C08, Recorder's Office, Franklin County, Ohio.
The Court acknowledges that Worthington Forest Condominium Association, Howard Hackman have filed an Answer claiming some right or interest in, title to, or lien upon the Property. The Court finds that any such right, interest, title, or lien of these defendants is inferior and subsequent to the lien held by Plaintiff. The Court makes no additional findings at this time as to the exact nature or priority of any such right, interest, title, or lien. All proceeds from the sale of the Property remaining after payment of the costs of this action and all taxes due and payable on the Property and distribution of all amounts found to be due and owing Plaintiff shall be held pending further order of the court.
IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff recover personal judgment against William J. Ray for the amount of the judgment set forth above.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that unless the amount of the judgment set forth above is fully paid within three (3) days from the entry of this decree (1) the equity of redemption and dower of Mortgagor in and to the Property shall be foreclosed, (2) the Property shall be sold, and (3) an Order of Sale shall be issued to the Sheriff of this County directing him to appraise the Property, advertise the sale of the Property in a paper of general circulation within the County, and sell the Property as upon execution and according to law free and clear of the interests of all parties to this action. The proceeds from the sale of the Property shall be distributed in the following order of priority:
First, the Clerk of Courts shall be paid for all costs of this action.
Second, the Franklin County Treasurer shall be paid for all unpaid taxes, assessments, interest, and penalties on the Property.
Third, Defendant, Parthenon Properties, shall be paid the amount of its judgment, i.e., the principal amount of $72,395.98, plus interest on the outstanding principal balance at the rate of 7% per annum from August 1, 2003, plus late charges, plus advances, if any, made by Defendant to protect its interest in the Property, plus costs incurred by Defendant to enforce its rights under the Note and Mortgage.
Fourth, Plaintiff shall be paid the amount of its judgment, i.e., the principal amount of $47,279.27, plus interest on the outstanding principal balance at the rate of 11.25% per annum from August 13, 2000, plus late charges, plus advances, if any, made by Plaintiff.
Fifth, the balance of the proceeds, if any, shall be deposited with the Clerk of Courts pending further order of the Court.
 {¶ 7} On February 12, 2004, the trial court entered a confirmation of sale and distribution of proceeds which indicated the property had been sold at sheriff's sale to Parthenon for $57,000, and which indicated the following distribution of the sale proceeds:
First, Clerk of Courts shall be paid $1,884.00 for the costs of this action.
Second, Treasurer shall be paid $901.89 for taxes and assessments for full 2003 year, plus 10%; Tax Lien Certificate in the amount of $6,183.23; for a total of $7,085.12 due to the Treasurer.
Third, Sheriff shall be paid $50.00 for the costs of preparing the deed and $855.00 for poundage.
Fourth, the following amount shall be applied as a credit toward the amount of the judgment previously entered in favor of Defendant, Parthenon Properties in partial satisfaction of the amount of such judgment: $47,125.88.
All proceeds or other amounts remaining after the distribution set forth in paragraph 9 of this order shall be held by the Clerk pending further order of the Court.
 {¶ 8} On July 1, 2004, Bank One filed a Civ.R. 60(B) motion to vacate default judgment and decree of foreclosure as to lien priorities. In its motion, Bank One argued that, at the time Parthenon answered Bank One's complaint, Bank One had no information to support an allegation that it had priority over Parthenon's lien, and based upon title research done at the time, Bank One believed Parthenon was in first lien position. Since that time, however, Bank One alleged it learned that the mortgage upon which Parthenon's answer was based was paid off by Bank One's mortgage proceeds in September 1999. Thus, Bank One asserted that the trial court's judgment incorrectly stated that Parthenon has a first and best lien on the property. The motion acknowledged that the property was sold at the sheriff's sale, and that Parthenon, as the purchaser, received a credit from the sale toward its judgment. According to Bank One, because Parthenon's lien had been satisfied before the foreclosure action, Parthenon was not entitled to priority over Bank One's interest. To this motion, Bank One attached copies of a HUD settlement statement listing Parthenon as having received some $42,000, a poor-quality photocopy of a cancelled check, an escrow ledger from the title company listing Parthenon as having received a mortgage payoff in the same amount, and a letter and other documentation addressed from Parthenon to Ray indicating the same amount as payoff on his note. All of these copies are of poor quality and some are illegible. In its motion, Bank One requested a non-oral hearing.
 {¶ 9} Parthenon countered with a memorandum contra Bank One's motion to vacate in which it asserted that Bank One had not met the requirements of Civ.R. 60(B) and, therefore, was not entitled to have the judgment vacated. According to Parthenon, the documents attached to Bank One's motion were not "newly discovered" evidence that "by due diligence" could not have been discovered earlier. Parthenon additionally claimed that its mortgage had never been paid in full because it did not receive funds from Bank One to pay off the debt. In support, Parthenon attached an affidavit by Barbara Hackman in which she averred that, because of the poor quality of the copy of the purported payoff check, she could not determine the payee of the check nor the amount in which the check was written, and that the endorsement on the back of the check was fraudulent. Her affidavit stated, in part:
10. Based on my prior dealings with the primary defendant in this foreclosure action, William J. Ray, it is my belief that he is responsible for both the handwritten endorsement which appears in Exhibit D and the endorsement indicating deposit into the Howard M. Hackman Co., LPA IOLTA Trust Account.
11. Based on my prior dealing with Defendant Ray, it is my belief that Defendant Ray fraudulently and without authorization to do so, endorsed the check which appears on Exhibit D, subsequently deposited the check into the Howard M. Hackman Co., LPA IOLTA Trust Account, and withdrew the funds from that trust account for his own personal use.
12. On or about January 13, 2003, Defendant Ray was indicted by the Franklin County Grand Jury for the felony theft of one hundred thousand dollars ($100,000) or more from Howard M. Hackman Co., LPA. * * *
13. At no time did Parthenon actually receive any funds from Bank One or any title company or other agent acting on Bank One's behalf for the purposes of paying off and/or satisfying the Parthenon Mortgage.
(Exhibit 4.) Parthenon's memo contra did not contest Bank One's request for a non-oral hearing or request an oral hearing to resolve the evidentiary dispute.
 {¶ 10} The trial court granted the motion to vacate and granted Bank One leave to file a motion for summary judgment. The judgment entry, dated August 9, 2004, reads, in full:
This matter came before the Court on Plaintiff, Bank One's Motion to Vacate Judgment as to Lien Priorities. Having heard the Motion in a non-oral hearing, it is hereby ORDERED, ADJUDGED AND DECREED that upon Motion, and for good cause shown, this Court hereby vacates the portion of its October 10, 2003 Judgment Entry that relates to the lien priorities between Plaintiff, Bank One and Defendant Parthenon Properties pursuant to Civ.R. 60(B). Further, Plaintiff is granted leave to file its Motion for Summary Judgment. A telephonic status conference shall be held at 10:00 a.m. on August 25, 2004.
 {¶ 11} Parthenon now appeals from this judgment, assigning the following as error:
Assignment of Error No. 1:
The trial court erred by granting appellee's June 30, 2004 motion to vacate default judgment as to lien priorities without the representation of any admissible evidence in support thereof.
Assignment of Error No. 2:
The trial court erred in granting appellee's June 30, 2004 motion to vacate default judgment as to lien priorities in its August 9, 2004 judgment entry.
Assignment of Error no. 3:
The trial court erred in permitting appellee to brief the issue of priority of liens on the subject real property since relief as to judgment on lien priority and distribution of proceeds was not requested by appellee in its motion to vacate.
 {¶ 12} Parthenon's first and second assignments of error raise issue with the trial court's decision to grant its Civ.R. 60(B) motion, and therefore will be addressed together.
 {¶ 13} Civ.R. 60(B) provides:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceedings for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
 {¶ 14} To prevail upon a Civ.R. 60(B) motion, "the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE AutomaticElectric v. ARC Industries (1976), 47 Ohio St.2d 146, at syllabus. On several occasions, the Supreme Court of Ohio has observed that "Civ.R. 60(B) is a remedial rule that is to be liberally construed with a view for effecting a just result." State ex rel. Citizens for ResponsibleTaxation v. Scioto Cty. Bd. of Elections (1993), 67 Ohio St.3d 134, 136, citing Colley v. Bazell (1980), 64 Ohio St.2d 243, and Rose Chevrolet,Inc. v. Adams (1988), 36 Ohio St.3d 17.
 {¶ 15} The issue to be decided on appeal from the granting or denial of a motion for relief from judgment, pursuant to Civ.R. 60(B), is whether the trial court abused its discretion. State ex rel. Freeman v.Kraft (1980), 61 Ohio St.2d 284. Although a trial court is granted discretion, that discretion is not unbridled. Doddridge v. Fitzpatrick
(1978), 53 Ohio St.2d 9. In order to find that the trial court abused its discretion, we must find more than an error of law or judgment: an abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Most instances of an abuse of discretion result in decisions that are unreasonable, as opposed to arbitrary and capricious.AAAA Enterprises, Inc. v. River Place Community Urban RedevelopmentCorp. (1990), 50 Ohio St.3d 157, 161. A decision that is unreasonable is one that has no sound reasoning process to support it. Id.
 {¶ 16} Parthenon argues Bank One failed to present admissible evidence in support of its Civ.R. 60(B) motion; thus, Bank One did not present "specific operative facts in support of a meritorious defense," which would have justified the trial court's granting the motion. According to Parthenon, given that Bank One's documents in support of the Civ.R. 60(B) motion were not authenticated or verified, and because Parthenon contested their evidentiary value, their legibility, and the factual premise they were intended to support, the court should have conducted a hearing to evaluate the credibility and weight of Bank One's evidence. Even if these documents are taken as valid, Parthenon argues they only demonstrate that a check was issued to Parthenon, not that Parthenon actually received payoff funds. Parthenon also asserts Bank One failed to demonstrate it was entitled to relief on the basis of mistake, inadvertence, or excusable neglect, that Bank One did not show that the evidence of the payoff could not have been discovered earlier, or that there were any other reasons justifying relief.
 {¶ 17} Nothing requires that a Civ.R. 60(B) motion be supported by an affidavit or other evidence given under oath. Turowski v. AppleVacations, Inc., Summit App. No. 21074, 2002-Ohio-6988, at ¶ 8, citing both Landmark America, Inc. v. Overholt (July 12, 2000), Medina App. No. 3036-M, and Rose Chevrolet, supra. In Adomeit v. Baltimore (1974),39 Ohio App.2d 97, the court indicated that, ideally, the Civ.R. 60(B) movant's allegations of operative facts in support of GTE requirements should meet procedural requirements of Civ.R. 56 calling for evidence to be presented in testimonial form. However, it is not always necessary for the evidence to meet this high standard, and, where the movant alleges sufficient operative facts with enough specificity to allow the court to decide the movant has a defense he could have successfully argued at trial, the court does not err in granting a Civ.R. 60(B) motion. ElyriaTwp. Bd. of Trustees v. Kerstetter (1993), 91 Ohio App.3d 599, 602. Although a movant "must do more than make bare allegations that he or she is entitled to relief," Rose Chevrolet, supra, at 20, many courts have held that a lack of evidence satisfying Civ.R. 56 standards need not defeat a Civ.R. 60(B) motion where the movant otherwise satisfies the requirements of GTE, and that where the evidence is sufficient for the court to decide the motion, a hearing is not necessary. See, e.g., Woodv. Wood (Aug. 12, 1997), Franklin App. No. 97APE01-77 (decision whether to hold a hearing before ruling on Civ.R. 60(B) motion is discretionary; however, where the court has before it enough factual evidence to enable it to render a decision on the motion, a hearing is not necessary); BankOne v. Gibson, Franklin App. No. 03AP-930, 03AP-1215, 2004-Ohio-3938;Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9, 14. ("To require a hearing even though there is sufficient evidence of a valid Rule 60(B)(1) claim on the record would not further the interests of justice, implement speedy litigation or encourage the decision of cases on the merits.")
 {¶ 18} In the case at bar, despite the poor photocopy quality of the documents attached to Bank One's Civ.R. 60(B) motion, we find these exhibits are sufficient to support the trial court's decision to grant the motion. First, the documents demonstrate that Bank One has a meritorious claim to present in that they ostensibly establish that Bank One issued a payment to Parthenon in the amount of the disputed first lien. These documents at least raise an issue whether Bank One satisfied the prior mortgage and would be entitled to a higher lien priority under the doctrine of equitable subrogation. Therefore, Bank One is able to satisfy the first prong of GTE.
 {¶ 19} Second, the motion and supporting documents establish that Bank One is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5). It would appear from the pleadings that both Bank One and Parthenon were under the impression that Parthenon had a first lien priority, and it was not until Bank One submitted a claim under its title insurance policy, and the insurer investigated, that information surfaced regarding the payoff. Each side argues the other should have known about the 1999 payoff and brought it to the attention of the court prior to the foreclosure judgment. Both sides concede that criminal conduct by Ray may have played a role in the failure of either side initially to discover the purported payoff documents. In any event, for whatever reason, both sides acquiesced to Parthenon having first priority. Because the evidence at least raises a question whether Bank One paid off the Parthenon mortgage, it would be inequitable to continue to maintain the original lien priorities contained in the initial judgment. Thus, these facts would support a finding that Bank One was able to demonstrate a reason justifying relief from judgment under Civ.R. 60(B)(5), if not under subsections (1) or (2), and the second prong ofGTE is met.
 {¶ 20} Finally, the motion came less than a year after the foreclosure judgment, and therefore was made within a reasonable time, thereby satisfying the final prong of the GTE test. Because Bank One's motion and supporting documents are adequate to satisfy GTE requirements, the court was within its discretion in granting the Civ.R. 60(B) motion.
 {¶ 21} "When a court finds that a movant has satisfied the Civ.R. 60(B) standard for granting relief from a prior judgment, the court is ordinarily to vacate or suspend the judgment pending a trial on the merits of the issues raised." State ex rel. Citizens, supra, citing, inter alia, Livingstone v. Rebman (1959), 169 Ohio St. 109, and Matson v.Marks (1972), 32 Ohio App.2d 319. Here, the trial court's judgment granted Bank One leave to file a motion for summary judgment, thus giving both parties further opportunity to litigate the issue of whether Bank One, in fact, issued a payoff to Parthenon and whether Parthenon received it. It may be that, ultimately, Bank One will not prevail in its effort to obtain first lien priority; however, Bank One met the GTE standard and is entitled to the granting of the Civ.R. 60(B) motion so that the matter may be re-opened for further adjudication.
 {¶ 22} Finding the trial court did not abuse its discretion in granting Civ.R. 60(B) relief, we overrule Parthenon's first and second assignments of error.
 {¶ 23} Parthenon's third assignment of error charges that because Bank One only filed its motion based upon the trial court's October 2003 judgment entry, and not based upon a subsequent order confirming sale and distribution and a nunc pro tunc order correcting errors in the confirmation order, Bank One did not move for relief from the proper order. According to Parthenon, because the court did not grant relief from the subsequent orders, they remain valid and enforceable.
 {¶ 24} If we understand this assignment of error correctly, Parthenon is asserting that Bank One needed to apply for relief from both subsequent orders as well as the original judgment of foreclosure and, therefore, because only the subsequent orders dealt with lien priorities, the court could not grant relief on that issue. We reject this argument for two reasons. First, contrary to Parthenon's claims and, as outlined above, the judgment of foreclosure did, in fact, set forth lien priorities. Second, because Bank One was contesting the lien priorities rather than any problem with the sheriff's sale, the confirmation order, or any events subsequent to the judgment of foreclosure, the proper order from which to seek relief was the judgment of foreclosure. See Bank OneDayton, N.A. v. Ellington (1995), 105 Ohio App.3d 13, 16, citing Carrv. Home Owners Loan Corp. (1947), 148 Ohio St. 533, 540. (The time to raise potential defects with the mortgage instrument is in the foreclosure action, not during the sale phase of the litigation; where trial court overruled motion to vacate judgment of foreclosure, and appellate court affirmed, foreclosure judgment was res judicata and appellants could only challenge the confirmation order.) Therefore, we overrule Parthenon's third assignment of error.
 {¶ 25} Based upon these considerations, we find the trial court did not abuse its discretion in granting Civ.R. 60(B) relief. We overrule all three of Parthenon's assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
French and McGrath, JJ., concur.