OPINION
{¶ 1} Appellant, Wells Fargo Financial Leasing, Inc., appeals from the judgment of the Portage County Court of Common Pleas, granting appellee, Martin Pero's, motion for relief from judgment.
 {¶ 2} Pero leased farm machinery from Wells Fargo's predecessor assignee Telmark, LLC. Pursuant to the lease agreement, Pero would pay a total of $433,940 over a six year period. Pero also gave Telmark the right to seek cognovit judgment in the event he defaulted on the lease payments. In June of 2003, after making payments for over three years, Pero defaulted on the lease and voluntarily surrendered the equipment. Since that time, Wells Fargo has neither re-leased nor sold the machinery in question.
 {¶ 3} On December 5, 2003, Wells Fargo filed a Complaint on Cognovit Lease against Pero. On December 8, 2003, Wells Fargo obtained a judgment against Pero in the amount of $189,752, plus $1,026 in late charges, interest accruing from June 28, 2003, at a rate of 10% per annum, plus possession of, or the fair market value of the leased item as well as reasonable attorneys' fees and court costs. Notice of the judgment was received by Pero on December 17, 2003. On December 19, 2003, Wells Fargo filed a Praecipe for Writ of Execution which was issued by the trial court on the same day. On January 2, 2004, Pero sought a hearing on the execution. A hearing was scheduled for January 20, 2004 on Pero's motion; however, the record fails to reveal what, if anything was heard on that date.
 {¶ 4} On January 5, 2005, Pero filed his Motion for Relief from Judgment. After several continuances, the trial court held a hearing on Pero's motion on May 16, 2005. On May 24, 2005, the trial court issued its decision granting Pero's motion for relief from judgment.
 {¶ 5} Appellant presents one assignment of error for our review:
 {¶ 6} "The trial court erred by granting appellee's motion for relief from judgment."
 {¶ 7} Generally, to prevail on a motion for relief from judgment, the movant must demonstrate: (1) he or she has a meritorious defense or claim to present if relief is granted; (2) he or she is entitled to relief under one of the grounds set forth in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. Citibank (South Dakota) N.A., v.Ohlin (March 1, 2002), 11th Dist. No. 2000-T-0037, 2002 Ohio App. LEXIS 858, at 4, citing, GTE Automatic Electric v. ARCIndustries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 8} However, this court has previously stated:
 {¶ 9} "Where the judgment sought to be vacated is a cognovit judgment, the movant has a lesser burden. Because the defendant never had a chance to be heard in the cognovit proceedings, he should be given his day in court. The movant need only assert that the motion was timely made and that he had a meritorious defense." National City Bank v. Concorde Controls, Inc., 11th Dist. No. 2001-L-113, 2002-Ohio-6578, at ¶ 17, citing Davidsonv. Hayes (1990), 69 Ohio App. 3d 28.
 {¶ 10} A court shall resolve any doubt in favor of a movant who pursues relief from judgment obtained via a cognovit note.Bank One, NA v. SKRL Tool and Die, Inc., 11th Dist. No. 2003-L-048, 2004-Ohio-2602, at ¶ 16. The decision to grant relief is within the discretion of the trial court and shall not be overturned unless it is arbitrary or unreasonable. FredebaughWell Drilling, Inc. v. Brower Contracting, Inc., 11th Dist. No. 2004-A-0061, 2005-Ohio-6084, at ¶ 19.
 {¶ 11} Wells Fargo first argues Pero presented no evidence at the hearing on his motion for relief from judgment. Wells Fargo notes "[e]ven though oral argument was made, argument of counsel is not evidence." We find Wells Fargo's argument unpersuasive.
 {¶ 12} While it is generally advisable and preferable to do so, Civ.R. 60(B) does not require a movant to submit evidence in the form of affidavits or alternative evidence provided under oath. See, Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 202-1; see, also, Thrasher v. Thrasher (June 15, 2001), 11th Dist. No. 99-P-0103, 2001 Ohio App. LEXIS 2720, at 7; BankOne NA v. Ray, 10th Dist. No. 04AP-907, 2005-Ohio-3277, at ¶ 17. Hence, while Pero was required to submit adequate evidence demonstrating his motion was timely and he possessed a meritorious defense to the cognovit judgment, the evidence did not have to be submitted by a witness at the hearing. Therefore, the issue is whether Pero set forth sufficient evidence for the court to grant his Civ.R. 60(B) motion.
 {¶ 13} In our estimation, Pero set forth a meritorious claim or defense to the monetary damages awarded to Wells Fargo in the cognovit judgment. Both in his motion and through counsel at the hearing, Pero argued Wells Fargo failed to mitigate or minimize its damages after Pero defaulted on the lease agreement. The lease agreement provided for acceleration of the lease payments in the event of default. The lease also permitted Wells Fargo to sell or rent the equipment in the event it was re-possessed. However, according to Pero, Wells Fargo allowed the machine to sit "in a field" permitting its value to gradually depreciate. In so doing, Pero argued Wells Fargo violated the doctrine of "avoidable consequences" which requires a non-breaching party mitigate its damages. In Pero's view, by violating their duty to mitigate damages, Wells Fargo was not entitled to recover the entire judgment because a portion of the damages could have been reasonably avoided by re-leasing or selling the equipment in question. Pero accordingly set forth a meritorious defense to the cognovit judgment.[1]
 {¶ 14} With respect to the issue of timeliness, Pero did not point to specific reasons why he waited over a year to file his motion. Rather, he merely indicated the issues of depreciation and mitigation were based upon facts occurring "after cognovit judgment was initially rendered in this case." While he did not state it with any particularity, Pero appeared to argue his motion was timely because the depreciation of the equipment (and Wells Fargo's acts or omissions which led to the same) was an active process which came to light over the period of a year.
 {¶ 15} While we understand Pero's position on this issue, it is unclear why it took him a year and three days to move the court to vacate the judgment at issue.[2] Pero had notice of the judgment as early as December 17, 2003. Further, if, as Pero alleged, the equipment has remained in Wells Fargo's possession, "in an open field, rusting away," it seems they could have reasonably asserted their mitigation argument sooner. However, the trial court found that the motion was timely because "the time of filing was substantially related to Wells Fargo's inaction." Such a conclusion is reasonable given the nature of Pero's assertions.
 {¶ 16} Our mission in reviewing the granting of a Civ.R. 60(B) motion is not to weigh the evidence upon which the trial court based its decision, but to determine whether the trial court's decision was arbitrary or unreasonable. Civ.R. 60(B) requires a movant to provide evidence enlightening a court as to why the interests of justice demand setting aside a judgment normally accorded finality. Rose Chevrolet, Inc., supra. Here, we believe Pero sufficiently apprized the court as to why justice would be served by setting aside the monetary judgment. After hearing the respective arguments, the court determined its December 8, 2003 judgment entry allowed Wells Fargo to reap an unjust benefit at Pero's expense. The court stated: "[k]eeping the machinery without efforts to either rent or sell the property, while seeking the total of all remaining lease payments, does appear to allow Wells Fargo double recovery." The court further determined the motion was timely because Pero's allegations were related to Wells Fargo's inactivity over the year following the original judgment. Thus, we hold Pero offered adequate evidence to support the trial court's judgment. The trial court did not abuse its discretion when it determined Pero filed a timely motion supported by a meritorious defense or claim to the cognovit judgment issued on December 8, 2003.
 {¶ 17} Wells Fargo next argues the trial court erred in granting Pero's motion for relief from judgment when it did not find he was entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5).
 {¶ 18} As indicated supra, this court, inter al., has held that collateral attacks on cognovit judgments are liberally permitted and the burden on the party moving for relief is "somewhat lessened." See, National City Bank, supra; see, also,Bank One, NA v. SKRL Tool and Die, Inc., supra, at ¶ 14. Accordingly, courts have dispensed with the requirement that a movant demonstrate grounds for relief under Civ.R. 60(B)(1) through (5).
 {¶ 19} That said, however, Pero did move the court pursuant to Civ.R. 60(B)(4), arguing the judgment should be vacated because it was no longer equitable for it to have a prospective application. In support, Pero set forth his mitigation argument. In any event, the trial court did not err in granting Pero's Civ.R. 60(B) motion without explicitly finding he satisfied one of the grounds for relief under Civ.R. 60(B)(1) through (5).
 {¶ 20} Finally, Wells Fargo argues the trial court erred by granting Pero's motion for relief from judgment on only the issue of damages. We disagree.
 {¶ 21} By its very nature, a cognovit note eliminates every defense with the exception of payment. Saponari v. CenturyLimousine Service, Inc., 8th Dist. No. 83018, 2003-Ohio-6501, at ¶ 17, citing Tines v. Immobilaire IV, Ltd. (Feb. 13, 2001), 10th Dist. No. 00AP-87, 2001 Ohio App. LEXIS 505. By extension, partial payment is also a meritorious defense. Saponari, supra at ¶ 18, citing Lewandowski v. Donohue Intelligraphics, Inc.
(1994), 93 Ohio App.3d 430, 433.
 {¶ 22} Here, the trial court properly determined the December 8, 2003 cognovit judgment valid in terms of the issue of liability. However, it vacated the judgment as it pertained to the amount of the monetary judgment based upon Pero's defense that Wells Fargo failed to mitigate its damages. Pero's assertions regarding Wells Fargo's failure to mitigate functions as a defense of partial payment: Had Wells Fargo mitigated, Pero would not necessarily owe the amount set forth in the judgment as the mitigation could be applied to offset the original award. We see no problem with the trial court's vacation of its judgment as it related to damages.
 {¶ 23} We hold the trial court did not abuse its discretion in granting Pero's Civ.R. 60(B) motion and therefore Wells Fargo's sole assignment of error is overruled.
 {¶ 24} For the foregoing reasons, the decision of the Portage County Court of Common Pleas is affirmed.
Ford, P.J., O'Toole, J., concur.
[1] Pero also argued: (1) that the acceleration clause in the lease was punitive, bearing no rational relationship to the damages incurred by Wells Fargo, and was thus contrary to public policy; and (2) because the lease allowed Wells Fargo to collect rent on or sell the equipment without crediting the amount against the monetary award, the judgment entry effectively allowed Wells Fargo to benefit from the windfall of a "double recovery."
[2] Although parties moving a court to vacate a cognovit judgment are not necessarily required to allege one of the grounds listed under Civ.R. 60(B)(1) through (5), Pero nevertheless moved to vacate pursuant to Civ.R. 60(B)(4). Only those grounds listed under Civ.R. 60(B)(1) throught (3) must be filed within a year. We consequently note that the current inquiry into timeliness is somewhat amorphous and highly dependent upon the facts of the case.