SHAFFER, Plaintiff-Appellee, v PRUDENTIAL INS. CO. OF AMERICA, Defendant-Appellant.

Ohio Appeals, First District, Hamilton County.

No. 6941.   Decided April 19, 1948.

Floyd Anderson, W. Charles Sulau, Cincinnati, for plaintiff-appellee.

Harry E. Marble, Cincinnati, for defendant-appellant.

## OPINION

By HILDEBRANT, J.:

Appeal on questions of law from a judgment entered pursuant to the verdict of a jury finding plaintiff entitled to the permanent and total disability benefits mentioned in a certificate of insurance issued to plaintiff by The Kroger Company, under a group policy issued by the defendant.

Motions for judgment for defendant made at the close of the plaintiff's case, renewed at the close of all the evidence, and for judgment non obstante veredicto were overruled by the trial court.

The policy provided:

"The disability benefits hereinafter specified will be granted by the Company if any person insured hereunder shall become totally and permanently disabled from bodily injury or disease, to such an extent as to be incapacitated from engaging in any occupation for remuneration or profit, PROVIDED,

"(a)   that the company shall have received due proof that such disability exists and that such disability will continue

for the entire after-lifetime of such person, and further, if premium payments on account of the insurance of such person shall have ceased, that such proof shall have been received not later than twelve months after such cessation;

· (b) that such disability shall occur while the insurance on such person is in full force and effect and before the sixtieth birthday of such person, and

(c) that such disability shall occur after one year from the date when the insurance of such person became effective, except in the case of any person in the service of Employer on the date of this Policy whose insurance became effective prior to the expiration of three months from the date of his (or her) eligibility for the insurance hereunder, and except, further, in the case of any person included in any group or class consisting or fifty or more employees hereafter added to the groups or classes insured under this Policy, whose insurance became effective prior to the expiration of three months from the date of his (or her) eligibility for insurance hereunder."

The defense is that due proof of the permanent and total disability was not submitted to the company within twelve months after the cessation of premium payments as required by the policy.

By the pleadings and plaintiff's proof, it is established that the last day plaintiff worked was January 31, 1945, but that her salary was paid to February 7, 1945; that plaintiff paid premiums until February 24, 1945, and was finally dropped from the employee lists in May, 1945; that the first proof of claim was signed by plaintiff on March 21, 1946, transmitted to the Kroger Company on March 28, 1946, and received by the defendant on April 11, 1946, which constituted the first notice of the claim to the defendant, and received more than twelve months after cessation of premium payments. Plaintiff seeks to excuse the delay in submitting proof by claiming she was not advised by her physicians until February 20, 1946 that they considered her totally and permanently disabled.

The record discloses that for many years plaintiff had been required to wear a brace due to an attack of polio, and that she suffered a fall in her room in November, 1944, that her condition thereafter became such that she was required to give up her work on January 31, 1945; that her physicians at that time and in the months immediately thereafter were of the opinion she was permanently and totally disabled, and while the record is not crystal clear that they so advised her

at that time, she thereafter certainly had every reason, in spite of a courageous spirit and desire to continue her work to suspect that she might be unable to do so. Plaintiff alleges in her petition that the certificate of insurance containing the disability provisions was issued her by the Kroger Company in July, 1943, so that she is definitely charged with knowledge thereof.

The provision requiring due proof within twelve months after the cessation of premium payments is a valid and binding requirement and is of the essence of the contract. Her failure to comply therewith would therefore preclude recovery. **Krasny v Metropolitan Life Ins. Co., 143 Oh St, 284.**

It, therefore, appears that the motions for judgment for the defendant should have been sustained, and that the judgment entered is contrary to law.

The disability provisions under scrutiny here are clear and unambiguous, so that the first paragraph of the syllabus to the case of **Rose v New York Life Ins. Co., 127 Oh St, 265,** seems applicable.

"Where the meaning of a contract of insurance against loss resulting from total and permanent disability can be fully and clearly ascertained from the words of the contract itself, the court may not resort to surrounding circumstances or the conduct of the parties for aid in its interpretation."

It follows that the trial court erred in the admission of evidence objected to by the defendant.

Specific objection was recorded to that part of the general charge, wherein the court said:

"But if she became disabled during that employment and if she did file her claim within the time of one year after she became aware of the disability, then she would be entitled to recover."

The effect of that charge is to alter the contract between the parties, which the court cannot do. **State, ex rel., etc., v Board of Trustes, etc., 144 Oh St, 583,** wherein it is stated in the first paragraph of the syllabus:

"A court can neither create a legal right or its subject matter, a legally protected interest, nor arbitrarily fix the time when such right shall accrue. Courts can only declare and enforce legal obligations and redress injuries resulting from invasions of legal rights. The law applied to essential facts

creates a legal right, and a legal right accrues as soon as such essential facts become existent."

No further errors, prejudicial to defendant, are apparent on the record.

From the above it follows that the judgment is reversed, and final judgment will be entered in this Court for the defendant.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur in syllabus, opinion & judgment.