DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Deborah J. Fisher and Jonathan Fisher, appeal from two judgments of the Summit County Court of Common Pleas: the first on January 17, 2003 ordering the foreclosure of property at 1150 Top of the Hill, Akron, Ohio, and the second confirming the sale of that property on May 19, 2003. Appellants timely appealed both judgments and the cases were consolidated. We reverse.
 {¶ 2} On October 4, 2000, Appellee, Huntington National Bank, filed suit against Appellants requesting foreclosure of a mortgage on property owned by Appellant Deborah, in which Appellant Jonathan held a dower interest. The complaint, after supplementation in June 2001, listed six defendants. Appellee properly served four by certified mail. With court approval, Appellee also served Appellant Jonathan first by publication, and then by international personal service when Appellant Jonathan notified Appellee of his residence in Israel.[1]
 {¶ 3} Appellant Deborah, though, was never personally served. Appellee made multiple attempts to serve her at both the property address and a post office box listed by the postal service as Appellant Deborah's forwarding address. In May 2001, Appellee made a final attempt to serve Appellant Deborah at the post office box; this letter was opened and then returned to the sender with a notation that read "Open by Mistake."
 {¶ 4} On July 19, 2001, the court entered a notice directing Appellee to move for default within 14 days or suffer dismissal of the claim for lack of prosecution. Appellee moved for default. On July 30, 2001, the court found that "all necessary parties [were] served[,]" and entered default judgment against Appellants Deborah and Jonathan. A foreclosure sale was scheduled.
 {¶ 5} A month later, in August 2001, Appellant Deborah filed a pro se motion of special appearance challenging the court's jurisdiction based on improper service and personal jurisdiction. She also filed a motion to stop the scheduled foreclosure. Appellant Deborah listed as her address the same post office box where service had failed the previous May. Appellee also moved to set a hearing to stop the sale, vacate the default judgment, and determine the service issue.
 {¶ 6} The trial court set the hearing for September 21, 2001. Appellants Deborah and Jonathan claim that they did not receive notice of the hearing. Neither Appellants Deborah and Jonathan nor their counsel appeared at the September hearing. Counsel for Appellee attended. The transcript states:
"[Appellant Deborah] entered an appearance to contest service, a limited appearance filed August 27th that she wasn't properly served with summons in the entry and judgment against her should be vacated. This court set the matter down for hearing today at 8:00 o'clock. It's now 8:15 and there's no appearance by [Appellant Deborah.] She was served with a notice at the address on her pleadings[.] * * * Since it's the same address that's on her pleadings here, and my notice of hearing has not been returned, I must assume she's been properly served. * * * She appears to be intentionally avoiding process."
 {¶ 7} The court stayed the foreclosure and instructed Appellee to draw an entry correcting the record as to service on Appellant Deborah. The docket reflects that no correction was ever filed. Appellee made no further attempts to serve Appellant Deborah.
 {¶ 8} In January 2002, Appellants Deborah and Jonathan filed a motion to dismiss on the ground that service was not complete within a year from the filing date. The motion also requested dismissal of the Ohio Department of Taxation from the suit, as the answer filed by the Tax Department stated that they had no lien on the property. The court made no determination on either of these motions. On February 19, 2002, Appellants Deborah and Jonathan filed separate answers to the action. Appellant Deborah preserved her objection as to failure of service, and included a third-party complaint against a private mortgage insurance company servicing her mortgage.
 {¶ 9} On January 17, 2003, the court entered a final decree of foreclosure, vacating the earlier default judgment from July 2001 against Appellant Jonathan only. The court granted summary judgment to Appellee on the original judgment and foreclosure claim. The court also granted summary judgment to the private mortgage insurance company on Appellant Deborah's third party complaint. Appellants Deborah and Jonathan filed a joint objection to the "proposed" supplemental judgment entry of the court, continuing their claim that the court did not have jurisdiction over Appellant Deborah. Both Appellants timely appealed the January entry.[2]
 {¶ 10} The foreclosure occurred on May 9, 2003, and a judgment entry of confirmation and disbursement of proceeds was filed on May 19, 2003. Appellants Deborah and Jonathan filed objections to the confirmation of sale on the same day, pointing out multiple errors in the final confirmation entry. After filing their objections, both Appellants appealed the confirmation of sale to this court.[3]
 {¶ 11} Both appeals were consolidated. Appellant Deborah raises four assignments of error. Appellant Jonathan joins in assignment of error four only. For ease of discussion, we will consider assignments of error one and three together.
 Assignment of Error I
"The trial court erred in entering default judgment against [Appellant Deborah], who was never served with process and who had not waived service nor voluntarily submitted to the court's jurisdiction."
 Assignment of Error III
"The trial court erred in ordering that [Appellant Deborah's] equity of redemption in her real estate be foreclosed where the trial court had no jurisdiction over her."
 {¶ 12} In her first and third assignments of error, Appellant Deborah argues that the trial court had no personal jurisdiction over her. Specifically, she asserts that the official docket transcript in this case illustrates that Appellee never served Appellant Deborah. If Appellee never served Appellant Deborah, the court lacked personal jurisdiction over her and could make no binding determinations regarding her rights.
 {¶ 13} Personal jurisdiction is a basic tenant of law in the United States. A court acquires personal jurisdiction over a party in one of three ways: (1) proper and effective service of process, (2) voluntary appearance by the party, or (3) limited acts by the party or their counsel that involuntarily submit them to the court's jurisdiction. Austin v.Payne (1995), 107 Ohio App.3d 818, 821, citing Maryhew v. Yova (1984),11 Ohio St.3d 154, 156. Because Appellant Deborah in this case never voluntarily appeared before the court without challenging personal jurisdiction, we are concerned only with proper and effective service of process.
 {¶ 14} Where a party has not waived service by act or written waiver, the Rules of Civil Procedure dictate proper methods for effective service. See Civ.R. 4.1 through 4.6. If service by certified mail fails, a party may attempt service by ordinary mail. Civ.R. 4.6(D). Ordinary mail service is complete when mailed unless the service is "returned by the postal authorities with an endorsement showing failure of delivery." Id. The party effecting service must ensure complete and proper service.King v. Hazra (1993), 91 Ohio App.3d 534, 537.
 {¶ 15} The court "speaks only through its journal and not by oral pronouncement or mere written minute or memorandum." State v. Dubois
(November 9, 1994), 9th Dist. No. 2885, at 4, quoting Schenley v. Kauth
(1953), 160 Ohio St. 109, paragraph one of the syllabus. Where the docket reflects failure of ordinary mail service, we must assume the docket is correct regardless of any inconsistent oral statement by the court. SeeDubois, supra, at 4. If the docket is inaccurate, the interested party should move to correct the record for appeal under App.R. 9(E). Where a party fails to correct the record, this Court must assume that the record is accurate. State v. Jalowiec (April 15, 1998), 9th Dist. No. 96CA006445, at 26, fn. 5.
 {¶ 16} In the case at bar, the docket reflects that Appellee's final attempt at service to Appellant Deborah failed. The postal authorities returned the ordinary mail envelope to the clerk with the required failure of delivery notation. The handwritten marks of "Return to Sender" and "Open by Mistake" do not change our analysis. We recognize the importance of not permitting parties to avoid service simply by opening a letter, resealing it, and then returning it via the post office. But we also recognize that mail may be misdelivered. Appellee made no effort in this case to show that the handwriting on the envelope was, in fact, that of Appellant Deborah. Appellee also made no effort to show that Appellant Deborah ever actually received this envelope. Because there is no evidence showing that the ordinary mail envelope of record was ever correctly delivered to Appellant Deborah's post office box, we will not assume this to be true.
 {¶ 17} Appellee also argues that the court determined at its September 2001 hearing that Appellant Deborah had been properly served. As noted above, we must assume that the docket is correct regardless of any oral statement made by the court during a hearing. See Dubois, supra, at 6; Jalowiec, supra, at 26, fn. 5. If Appellee truly effected proper service on Appellant Deborah, Appellee should have filed a motion to correct the record under App.R. 9(E).
 {¶ 18} Appellee could have avoided this error at multiple stages in the process. Appellee served Appellant Jonathan by publication. Appellee never requested permission to serve Appellant Deborah by publication. Appellee could also have served Appellant Deborah after discovering her correct mailing address. The record in this case reflects that Appellee made no efforts to correct the failure of service after Appellant Deborah filed her pro se motion challenging jurisdiction.
 {¶ 19} We find that Appellee never served Appellant Deborah. The trial court, therefore, did not have personal jurisdiction over her. Appellant Deborah's first and third assignments of error are sustained. The judgments of the Summit County Court of Common Pleas are reversed, and all entries below in regard to Appellant Deborah are vacated.
 Assignment of Error II
"The trial court erred in ignoring and refusing to rule upon the repeated attempts by [Appellant Deborah] to demonstrate to the trial court that personal jurisdiction had never been obtained over her."
 Assignment of Error IV
"The trial court erred in entering an order of confirmation of sale without scheduling a hearing, where, as here, the submitted order of confirmation contained only the approval of [Appellee]."
 {¶ 20} Given our determination as to Appellant Deborah's first and third assignments of error, the remaining assignments of error are moot. Assignment of error four is also moot as to Appellant Jonathan as his only interest in this lawsuit it his dower interest in the property. The effect of this dower interest is completely contingent upon determinations made as to Appellant Deborah. In this case, the judicial foreclosure sale was contingent upon a finding of judgment against Appellant Deborah. Because the sale itself was contingent upon this now vacated finding, the Judgment Entry Confirming Sale and Ordering Distribution of Sale Proceeds must also be vacated as against all parties involved. Without personal jurisdiction over Appellant Deborah, there should be neither a sale nor an order to confirm sale. Given that the entry confirming sale must be vacated, assignment of error four is moot as to Appellant Jonathan.
 {¶ 21} We sustain Appellant Deborah's first and third assignment of error. The second and fourth assignments of error have been addressed. We reverse the judgments of the Summit County Court of Common Pleas, and vacate all orders and entries regarding Appellant Deborah in the trial court.
Judgments reversed.
Whitmore, J., Batchelder, J. concur.
[1] Appellant Jonathan has not contested his service of process.
[2] While the appeal claims to be on behalf of both Appellant Deborah and Appellant Jonathan, all three assignment of error regarding this first appeal deal specifically with the lack of personal jurisdiction over Appellant Deborah only.
[3] Both Appellants Deborah and Jonathan challenged the confirmation of sale entry with one assignment of error. This is the only assignment of error that applies to Appellant Jonathan.