DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Lucas County Court of Common Pleas. Appellant, Paul Chong, asserts that the following errors occurred in the proceedings below:
 {¶ 2} "I. The trial court committed reversible error by failing to examine all appropriate materials filed by the parties before ruling on this motion for summary judgment."
 {¶ 3} "II. The trial court committed reversible error in granting summary judgment to Appellee on the issue [sic] bad faith."
 {¶ 4} On November 22, 2002, a fire destroyed appellant's apartment. At the time of the fire appellant had a personal property insurance policy issued by appellee, American Family Insurance ("American"). Appellant's insurance agent and insurance agency were, respectively, appellees, Jennifer J. Whitaker and Jennifer J. Whitaker Insurance.
 {¶ 5} There is no dispute as to whether appellant was an "insured" within the meaning of the American policy. However, appellees did assert in their answer that appellant breached a material condition of that policy, and was, therefore, not entitled to any insurance coverage. The relevant provisions in the American policy read:
 1. "INSURING AGREEMENT" {¶ 6} "* * *
 {¶ 7} "You and all insureds must comply with policy terms. Any failure to comply with policy terms by you or any other insured will affect the coverage afforded by this insurance for you and all insureds."
 {¶ 8} "* * *
 {¶ 9} "CONDITIONS-SECTION I
 {¶ 10} "* * *
 {¶ 11} "14. What You Must Do In Case Of Loss. In the event of a loss to property that this insurance may cover, you and any person claiming coverage under this policy must:
 {¶ 12} "* * *
 {¶ 13} "e. submit to us, within 60 days after we request, your
signed, sworn proof of loss which sets forth to the best of your knowledge and belief:
 {¶ 14} "(1) the date, time, location and cause of loss;
 {¶ 15} "(2) the interest you and others have in the property, including encumbrances;
 {¶ 16} "(3) the actual cash value and amount of loss of each item damaged or destroyed;
 {¶ 17} "(4) other insurance that may cover the loss;
 {¶ 18} "(5) changes in title, use, occupancy or possession of the property during the policy period;
 {¶ 19} "(6) the plans and specifications of any damaged dwelling or structure we may request;
 {¶ 20} "(7) detailed estimates for repair of the damage;
 {¶ 21} "(8) receipts for any increased costs to maintain your standard of living while you reside elsewhere, and records pertaining to any loss of rental income; and
 {¶ 22} "(9) evidence supporting a claim under the Credit/Debit Card,
Forgery and Counterfeit Money protection. This should state the cause and amount of loss."
 {¶ 23} It is undisputed that appellant made a claim for damages to his personal property under his American insurance policy. Nevertheless, it is also undisputed that (1) American's claims adjuster, Matt Humbles, mailed appellant a proof of loss statement on July 30, 2003, and advised appellant that it must be signed, notarized, and returned to American within 60 days; (2) On October 31, 2003, Humbles informed appellant that because he did not return the signed and notarized proof of loss statement in a timely fashion, he had failed to comply with the terms of the American policy; and (3) Appellant failed to return the signed and notarized proof of loss statement within the mandated 60 day period. As a result of this failure, American denied appellant's claim.
 {¶ 24} On November 21, 2003, appellant filed a complaint naming appellees as defendants. Appellant set forth claims of breach of contract, bad faith, and negligence and prayed for compensatory and punitive damages. He also asked the court to declare that he was entitled to coverage under the American insurance policy.
 {¶ 25} After answering, appellees filed a motion to bifurcate appellant's declaratory judgment action from appellant's bad faith, breach of contract, and damages claims. The trial court granted this motion.
 {¶ 26} Appellees also filed a motion for summary judgment. They asserted that "a sworn proof of loss statement is a valid and binding condition precedent to coverage." Because appellant failed to timely supply a sworn proof of loss statement as required by his American insurance policy, appellees contended that appellant was therefore precluded from coverage for his losses. Appellees' motion for summary judgment was supported by the affidavit of Humbles, the letter and proof of loss form sent to appellant by Humbles, a certified copy of the American policy, and a sworn proof of loss form signed by appellant on May 19, 2004.
 {¶ 27} Appellant filed a memorandum in opposition to appellees' motion for summary judgment in which he alleged, among other things, that American was required to demonstrate that it was actually prejudiced by appellant's delay in filing the proof of loss statement and/or that American waived its right to deny appellant's claim based upon appellant's alleged breach of a condition set forth in the American insurance policy. Appellant also urged that American failed to comply with Ohio Adm. Code 3901:1-1-07, by failing to send appellant the proof of loss statement within 15 days of his loss.
 {¶ 28} The trial court granted appellees' motion for summary judgment. The court first determined that, in general, the failure to submit a timely proof of loss statement precludes the payment by the insurer to an insured for an alleged loss. The court next addressed the question of waiver and concluded that appellant failed to offer any evidence to establish that American, by any word or any conduct, waived the requirement of a sworn proof of loss statement. The court also noted that appellant failed to offer any evidence, acceptable pursuant to Civ.R. 56(C), to create a genuine issue of material fact for trial. Included in the court's judgment is the language "no just cause for delay" that is required under Civ.R. 54(B) to render its decision a final, appealable order.[1]
 {¶ 29} In his Assignment of Error No. I, appellant asserts that the trial court failed to consider all of the evidentiary materials prior to granting summary judgment to American. In particular, appellant claims that the court did not consider (1) a letter to American explaining the facts of his loss and an "inventory and/or estimates" of his losses; (2) a recorded or signed statement showing his losses; and (3) the submission, by appellant to American, of a "statement of loss" form. Appellant maintains that these materials are an adequate substitute for a proof of loss statement. Appellant also argues that because American was allegedly provided with these materials, it waived its contractual right to require a proof of loss statement.
 {¶ 30} The procedural and substantive law applicable to this cause are as follows.
 {¶ 31} Our review of summary judgment rulings is de novo. Doe v.Shaffer (2000), 90 Ohio St.3d 388, 390, 2000-Ohio-186. Accordingly, an appellate court reviews the same evidence that was properly before the trial court. Am. Energy Servs., Inc. v. Lekan (1992), 75 Ohio App.3d 205,208. Civ.R. 56(C) provides that summary judgment shall be granted when the filings in an action, including depositions and affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See, also, Temple v.Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 32} The party seeking summary judgment must specifically set forth the basis for the motion for summary judgment "in order to allow the opposing party a meaningful opportunity to respond." Mitseff v. Wheeler
(1988), 38 Ohio St.3d 112, syllabus. The movant must point to some evidence, as identified in Civ.R. 56(C), in the record to support his motion. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, 1996-Ohio-107. Once the moving party demonstrates that he is entitled to summary judgment, the burden then shifts to the non-moving party to offer evidence to show that there is a genuine issue of fact for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 33} Generally, an insured's failure to submit a sworn proof of loss statement as required by a policy of insurance precludes payment of a claimed loss. Nagel v. AIG Life Ins. Co. (March 24, 2000), 1st Dist. No. C-990293; Limoli v. West Am. Ins. Co. (June 18, 1992), 8th Dist. No. 62968, citing Home Ins. Co. Lindsey, (1875), 26 Ohio St. 348; Shaffer v.Prudential Ins. Co. (1948), 83 Ohio App. 384. Nevertheless, an insurer may waive this contractual provision. Nagel, supra. See, also, Hounshellv. American States Ins. Co. (1981), 67 Ohio St.2d 427, syllabus.
 {¶ 34} A review of the record of this cause reveals that appellant's alleged evidence is not in that record and, therefore, was not before the trial court when it rendered its final decision. Accordingly, the only evidence before the court below, and before this court on appeal, supports the fact that appellant did not comply with the terms of his American insurance contract and thereby breached that contract by failing to submit a timely sworn proof of loss statement. Simply put, appellant failed to offer any evidentiary material to establish a genuine issue of material fact on the questions of compliance and waiver.
 {¶ 35} Appellant also argues that Ohio Adm. Code 3901:1-01-07 requires an insurer to send a proof loss of statement to its insured within 15 days of the loss. Ohio Adm. Code 3901:1-01-07 sets forth a number of circumstances deemed to be unfair trade practices on the part of an insurer. Appellant never included a claim of unfair trade practices in his complaint. Thus, these provisions of the Ohio Administrative Code are not germane to the instant case.
 {¶ 36} For the foregoing reasons, the trial court did not err in granting summary judgment to American as a matter of law, and appellant's Assignment of Error No. I is found not well-taken.
 {¶ 37} Appellant's Assignment of Error No. II asserts that the trial court erred in granting American's motion for summary judgment on his claim of "bad faith." In appellant's complaint, Count 3 alleges a claim of bad faith against American in investigating his claim and thereafter failing to tender payment under his American insurance policy. Count 5 of appellant's complaint raises a claim of "bad faith/breach of fiduciary duty" against American, Jennifer Whitaker, Jennifer J. Whitaker Agency, and/or unnamed Jane/John Does. This later claim contends that these parties acted in bad faith and/or breached their fiduciary duty by "failing to adequately value" appellant's personal property prior to the issuance of the American insurance policy and by "failing to properly advise" appellant of the terms of the American policy. Both of these bad faith claims were not before the trial court after the motion to bifurcate was granted. Thus, the only issue decided by the common pleas court was the question of coverage advanced in the declaratory judgment action and, as a result, is the only question that could be addressed by this court. See R.C. 2505.01(A); R.C. 2505.02(B); App.R. 4; App.R. 12(A). Accordingly, we cannot consider the merits of appellant's Assignment of Error No. II.
 {¶ 38} On consideration whereof, this court finds that substantial justice was done the party complaining with regard to appellant's declaratory judgment action only, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Skow, J., Concur.
[1] Because the trial court's grant of summary judgment was a final order, appellant's subsequent motion for reconsideration is a nullity. See Pitts v. Ohio Dep't of Transp. (1981), 67 Ohio St.2d 378, 380.