DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Deborah Fisher Tadmor, appeals from two separate judgments entered in the Summit County Court of Common Pleas: (1) the grant of the motion for summary judgment of Appellee, Huntington National Bank ("Huntington"), upon Ms. Tadmor's amended complaint in trial court case number CV 2002-12-7266; and (2) the grant of Huntington's motion for summary judgment upon its counterclaim and cross-claim for monetary damages and foreclosure in the same trial court case number. We do not address that portion of the appeal from the first judgment, on Ms. Tadmor's amended complaint, and dismiss it for lack of a final appealable order. We affirm the second judgment, on Huntington's counterclaim and cross-claim.
 I. {¶ 2} On October 4, 2000, Huntington, as holder of a promissory note secured by a mortgage on certain real property located at 1150 Top-of-the-Hill Drive in Bath Township, Ohio, owned by Ms. Tadmor, filed a complaint for foreclosure upon the property. In January 2003, the trial court entered a decree of foreclosure and subsequent judgment of confirmation of the sale against Ms. Tadmor's property. Huntington Natl. Bank v. Fisher
(May 19, 2003), Summit Cty. C.P. No. CV 2000-10-4425. The detailed procedural events that preceded the trial court's judgments of foreclosure and confirmation of sale were recounted by this Court in Huntington National Bank v. Fisher, 9th Dist. Nos. 21435 21582, 2003-Ohio-5902.
 {¶ 3} Ms. Tadmor filed separate appeals from the decree of foreclosure and the confirmation of sale. We consolidated the appeals and issued a decision and journal entry on November 5, 2003 that reversed the judgments and vacated all entries entered in the trial court pertaining to Ms. Tadmor. Id. at ¶ 1. In this decision, we found that service of process was never effected on Ms. Tadmor, and that therefore, the trial court lacked jurisdiction to enter judgment with respect to Ms. Tadmor. Id. at ¶ 19.
 {¶ 4} Meanwhile, on December 18, 2002, Ms. Tadmor filed a complaint against Huntington Mortgage Company, asserting breach of contract, failure to perform the contract in good faith, and predatory lending practices arising out of the promissory note on the loan secured by the mortgage on the property. Case No. CV 2002-12-7266. Ms. Tadmor amended this complaint in January 2004 to include Huntington as a defendant; to add the claims of misrepresentation, fraudulent inducement, bait and switch tactics, and corrupt activities; and to request treble damages, punitive damages, attorney fees, and avoidance of the mortgage obtained.
 {¶ 5} On the same day that she filed her amended complaint in case number CV 2002-12-7266, Ms. Tadmor filed a separate complaint for trespass, business interference, slander of title, abuse of civil process, malicious prosecution, fraud upon the court and the plaintiff, damage to credit reputation, and loss of use and damage to real property. She requested compensatory and punitive damages, plus attorney fees and costs. Ms. Tadmor named eight separate defendants, including Huntington. Case No. CV 2004-01-0393. On February 4, 2004, Ms. Tadmor amended this complaint to include yet another defendant.
 {¶ 6} On March 23, 2004, an order of transfer/consolidation was entered, signed by two judges and an administrative judge, and journalized in case number CV 2002-12-7266. The order consolidated cases CV 2002-12-7266 and CV 2004-01-0393 with case CV 2000-10-4425, and transferred the cases from the docket of Judge Marvin Shapiro to that of Judge James Murphy in the common pleas court.
 {¶ 7} On March 29, 2004, Huntington, individually and as successor to Huntington Mortgage Company's interest on the promissory note, filed an answer to Ms. Tadmor's amended complaint in case number 2002-12-7266. Huntington also filed a counterclaim and cross-claim for foreclosure and monetary damages on the loan amount, including Jonathan Fisher, Bank One, N.A., the State of Ohio Department of Taxation, First Merit Bank, NA and Chez Del Interiors, Inc. as additional defendants. Huntington amended its counterclaim and cross-claim on April 8, 2004 to include the United States Attorney and United States Attorney General as additional defendants. On April 19, 2004, Ms. Tadmor filed a motion to dismiss Huntington's amended counterclaim and cross-claim. On July 2, 2004, Huntington filed a motion to dismiss and a motion for summary judgment. Ms. Tadmor responded to the motions. On July 21, 2004, Huntington filed a motion for summary judgment and motion for default judgment on its amended counterclaim and cross-claim for monetary damages and foreclosure. Ms. Tadmor responded to these motions, as well.
 {¶ 8} Meanwhile, answers to Ms. Tadmor's complaint in case number CV 2004-01-0393 were filed by various defendants. On July 21, 2004, Huntington filed a motion to dismiss/motion for judgment on the pleadings and/or motion for summary judgment on Ms. Tadmor's amended complaint in this case.
 {¶ 9} On August 5, 2004, a duplicate form of the transfer/consolidation order was filed in case number CV 2004-01-0393, reiterating what the original order had stated. On August 30, 2004, Huntington filed a notice of voluntarily dismissal pursuant to Civ.R. 41(A)(1)(a), "dismiss[ing] its claims against defendants in case CV 2000-10-4425 (only) without prejudice."
 {¶ 10} In separate judgments dated May 27, 2005, the trial court granted each of Huntington's motions for summary judgment in case number CV 2002-127-266 — one granting judgment in favor of Huntington on Ms. Tadmor's amended complaint, and the other granting judgment in favor of Huntington on its counterclaim and cross-claim for monetary damages and foreclosure and issuing a decree of foreclosure. It is from these judgments that Ms. Tadmor now appeals.
 {¶ 11} Ms. Tadmor timely appealed, asserting seven assignments of error for review. We address the seventh assignment of error first.
 II. A. Seventh Assignment of Error
"THE TRIAL COURT ERRED IN ISSUING AN ORDER OF SUMMARY JUDGMENT ON APPELLANT'S CLAIMS SET FORTH IN THE FIRST AMENDED COMPLAINT IN CASE NUMBER 2002-12-7266[.]"
 {¶ 12} In her seventh assignment of error, Ms. Tadmor challenges the trial court's grant of summary judgment in favor of Huntington on her first amended complaint in case number 2002-12-7266. However, because this judgment does not constitute a final appealable order pursuant to Section 2505.02 of the Ohio Revised Code and the Ohio Rules of Appellate Procedure, we do not have the jurisdiction to address the merits of this assignment of error.
 {¶ 13} Article IV, Section 3(B)(2) of the Ohio Constitution limits a court of appeal's jurisdiction to "judgments or final orders." If an order is filed in an action that involves a claim against more than one party or that asserts more than one claim, and the order does not resolve all claims against all parties, the order must meet the requirements of both Civ.R. 54(B) and R.C. 2505.02 to be considered final and appealable. ChefItaliano Corp. v. Kent State University (1989),44 Ohio St.3d 86, 88. Civ.R. 54(B) provides:
"When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims * * * only upon an express determination that thereis no just reason for delay." (Emphasis added.)
 {¶ 14} Based upon the record from trial court case number CV 2004-010-393 that is before this Court, it appears that Ms. Tadmor's complaint has not been adjudicated. Since the three trial court cases were consolidated, they became one single action, and therefore, any judgment disposing of only part of the entire action must contain the requisite Civ.R. 54(B) language to constitute a final appealable order and give this Court jurisdiction over the appeal from that judgment. See Grable v.Springfield Twp. Bd. of Zoning Appeals (Sept. 10, 1997), 9th Dist. No. 18185, at *6-8.
 {¶ 15} The order that granted summary judgment in favor of Huntington on Ms. Tadmor's first amended complaint stated that "[t]his is a final order that shall not be delayed." The Supreme Court of Ohio has noted, in dicta, that the exact language "there is no just reason for delay" must appear in an order for the order to be final and appealable. Noble v.Colwell (1989), 44 Ohio St.3d 92, 96. Because Civ.R. 54(B) does not absolutely require a court to state the exact words "there is no just reason for delay," and having no direct explicit instruction on this issue, this Court has seen and accepted derivatives of the Civ.R. 54(B) language in the past. See, e.g.,Rice v. Flynn, 9th Dist. No. 22416, 2005-Ohio-4667, at ¶ 21 (approving the phrase "no just cause for delay" (emphasis added.)); Ivene Laboratories v. Harmon (July 11, 1990), 9th Dist. No. 14417, at *2. Other courts have allowed slight deviations from the language used in Civ.R. 54(B), as well. See, e.g., Naples v. Rossi, 7th Dist. No. 04 MA 172, 2005-Ohio-6931, at ¶ 16; Chong v. Am. Fam. Ins. Co., 6th Dist. No. L-05-1075,2005-Ohio-5022, at ¶ 28; Monroe Guar. Ins. Cos. v. Entasis,Inc., 8th Dist. No. 80671, 2002-Ohio-5466, at ¶ 10; Knickel v.Marion (Jan. 17, 2001), 3d Dist. No. 9-2000-75 at *2.
 {¶ 16} However, the phrase used in the judgment in the instant case presents an even greater deviation from the language stated in the rule. The phrase "there is no just reason for delay" in Civ.R. 54(B) embodies an essential principle that a trial court must assess — whether the interest in the administration of justice permits a case to proceed to the appeal level and avoid delay when there are parties or claims outstanding as outlined in Civ.R. 54(B). The employment of derivative language has caused courts to stray from this quintessential determination, and thus gives this Court cause to elucidate our position on the issue.
 {¶ 17} In our view, the preferred practice is to state the identical language from Civ.R. 54(B) — "there is no just reason for delay" — for this language clearly embodies the essential determination. However, in the interests of justice and judicial economy, we hold, that, in order for an order that requires Civ.R. 54(B) language to be final and appealable, the order must contain, at the very least, language that substantially complies with the Civ.R. 54(B) language; that is, the language must evince that the trial court made the essential determination required by Civ.R. 54(B). We do not find that this delineated position is incompatible with any previous stance we have taken in other cases.
 {¶ 18} We find that the phrase used in the May 27, 2005 judgment in favor of Huntington on Ms. Tadmor's amended complaint — "[t]his is a final order that shall not be delayed" — falls short of this standard. Therefore, we conclude that this judgment does not constitute a final appealable order.
 {¶ 19} Although this assignment of error does not address the trial court's second judgment that granted summary judgment in favor of Huntington on its counterclaim and cross-claim, we nevertheless find now that the second judgment does constitute a final appealable order. The order states, "[t]his is a final order that shall not be delayed," but also states earlier in the judgment that "there is no just reason for delay in entering the judgment therein." Therefore, we find that the summary judgment on Huntington's counterclaim and cross-claim is final and appealable because it complies with our newly enunciated standard by stating the same language expressly provided in Civ.R. 54(B).
 {¶ 20} Finally, we observe that the statement by the trial court in both judgments that it is a "final order" is meaningless and does not render the orders final; the determination of a final order is governed by the definitions outlined in R.C.2505.02. See, generally, Pocius v. Stankus (Dec. 15, 1993), 9th Dist. No. 16233, at *1; Freskakis v. Higbee Co. (May 21, 1981), 8th Dist. No. 43462, at *1.
 {¶ 21} Based upon the foregoing, we do not address this assignment of error, and dismiss the portion of the appeal from the May 27, 2005 judgment in favor of Huntington on Ms. Tadmor's amended complaint.
 B. First Assignment of Error
"THE TRIAL COURTS ERRED IN THEIR TRANSFER/CONSOLIDATION/TERMINATION OF CASE NUMBER 2002 12 7266 AND CASE NUMBER 2004 01 0393 INTO THE UNDERLYING CASE NUMBER 2000-10-4425[.]"
 Second Assignment of Error
"THE TRIAL JUDGE IN CASE NUMBER 2000-10-4425 ERRED IN ACCEPTING ASSIGNED JUDGE RESPONSIBILITY AND ACTING THEREON AS TRIAL JUDGE OF CASE NUMBER 2002-12-7266[.]"
 Third Assignment of Error
"THE TRIAL COURTS ERRED IN CONSOLIDATING CASE NUMBER 2002-12-7266 INTO CASE NUMBER 2000-10-4425 IN THAT THERE HAS BEEN NO FINDING BY THE TRIAL COURTS OF MUTUALITY OF PARTIES AND MUTUALITY OF CLAIMS AND LACK OF A CONSOLIDATION HEARING AS REQUIRED BY CIVIL RULE 42(A)[.]"
 Fourth Assignment of Error
"THE TRIAL COURT ERRED IN FAILING TO PROVIDE CASE MANAGEMENT ORDERS UPON ISSUING ITS ORDER OF TERMINATION/CONSOLIDATION AND TRANSFER AS REQUESTED BY MOTION OF HUNTINGTON NATIONAL BANK ON JUNE 22, 2004 IN CASE NO. 2002-12-7266[.]"
 Sixth Assignment of Error
"THE TRIAL COURT ERRED IN ISSUING AN ORDER FOR SUMMARY JUDGMENT OF FORECLOSURE TO HUNTINGTON NATIONAL BANK ON THE COUNTERCLAIM OF HUNTINGTON NATIONAL BANK[.]"
 {¶ 22} Ms. Tadmor has argued her first, second, third and fourth assignments of error together. We also observe that Ms. Tadmor also argued her sixth assignment of error in conjunction with her seventh assignment of error, which we have not addressed, as explained above. Local Rule 7(A)(7) states, "Each assignment of error shall be separately discussed[.]" (Emphasis added.) "[F]ailure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal."Kremer v. Cox (1996), 114 Ohio App.3d 41, 60. Since Ms. Tadmor has failed to comply with the appellate rules in these assignments of error, we decline to address them. Ms. Tadmor's first, second, third, fourth, and sixth assignments of error are overruled.
 C. Fifth Assignment of Error
"THE NOTICE OF DISMISSAL, WITHOUT PREJUDICE, FILED BY APPELLEE, HUNTINGTON NATIONAL BANK ON AUGUST 30, 2004 IN CASE NUMBER 2000-10-4425 BY ADDITION OF QUALIFICATIONS IS NOT IN ACCORDANCE WITH THE LAW AND IS, ACCORDINGLY, IN FACT, A DISMISSAL WITH PREJUDICE PRECLUDING THE RE-FILING AND PURSUIT OF FORECLOSURE COMPLAINT AS A COUNTERCLAIM IN CASE NUMBER 2002-12-7266[.]"
 {¶ 23} In her fifth assignment of error, Ms. Tadmor effectively maintains that the trial court erred in allowing Huntington to proceed with its counterclaim for foreclosure in case number 2002-12-7266, on the basis that Huntington's Civ.R. 41(A)(1)(a) notice of dismissal filed in case number 2000-10-4225 was a dismissal with prejudice that precluded any further pursuit of foreclosure.
 {¶ 24} While she argues her fifth assignment of error separately in her brief, Ms. Tadmor nevertheless fails to meet her burden to demonstrate error in this assignment. A review of the filings reveals that this was the first and only notice of voluntary dismissal that Huntington filed with respect to the claims asserted in case number CV 2000-10-4225. Ms. Tadmor offers no explanation, let alone demonstrates, how the notice of dismissal constitutes a dismissal with prejudice. Ms. Tadmor also fails to provide any references to the record to support this assertion.
 {¶ 25} An appellant bears the burden of affirmatively demonstrating the error on appeal and substantiating his or her arguments in support. Angle v. W. Res. Mut. Ins. Co. (Sept. 16, 1998), 9th Dist. No. 2729-M, at *1; Frecska v. Frecska (Oct. 1, 1997), 9th Dist. No. 96CA0086, at *2. See, also, App.R. 16(A)(7) and Loc.R. 7(A)(7). "If an argument exists that can support this assignment of error, it is not this [C]ourt's duty to root it out." Cardone v. Cardone (May 6, 1998), 9th Dist. No. 18349, at *8. Moreover, Loc.R. 7(E) specifically provides that "[r]eferences to the pertinent parts of the record shall be included in the * * * argument section of the brief. If a party fails to include a reference to a part of the record that is necessary to the court's review, the court may disregard the assignment of error or argument."
 {¶ 26} Based upon the foregoing, we decline to address this assignment of error. Ms. Tadmor's fifth assignment of error is overruled.
 III. {¶ 27} Ms. Tadmor's seventh assignment of error is not addressed. The portion of the appeal from the May 27, 2005 judgment in favor of Huntington on Ms. Tadmor's amended complaint, entered in the Summit County Court of Common Pleas, is dismissed. Ms. Tadmor's remaining assignments of error are overruled. The May 27, 2005 foreclosure judgment entered in the Summit County Court of Common Pleas is affirmed.
Appeal dismissed in part, and judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J., Moore, J., concur.
(Reader, J., retired, of the Fifth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)