DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
{¶ 1} Appellants Tri Port Transportation, Inc., et al., have appealed from the decision of the Summit County Court of Common Pleas that granted summary judgment in favor of appellee Monitor Transportation Services, Inc. This Court dismisses the appeal for lack of a final, appealable order.
 I {¶ 2} On October 29, 2004, appellee Monitor Transportation Services, Inc. ("Monitor") filed a complaint for breach of contract against appellants Tri Port Transportation, Inc. ("Tri Port"), Reno Transportation, Ltd. ("Reno"), and Bronce Robert Fultz, Jr. ("Fultz") in the Summit County Court of Common Pleas. On July 14, 2005, Fultz filed a notice of bankruptcy. On October 17, 2005, Monitor filed a motion for summary judgment. Appellants filed a response to Monitor's motion for summary judgment on September 22, 2005. On October 18, 2005, the trial court filed a judgment that granted Monitor's motion for summary judgment.
 {¶ 3} Appellants have timely appealed, asserting two assignments of error. The assignments of error have been consolidated for ease of analysis.
 II ASSIGNMENT OF ERROR NUMBER ONE
"THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO THE DEFENDANTS IN SUSTAINING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT. THE TRIAL COURT SPECIFICALLY RELIED UPON DOCUMENTS WHICH FAILED TO COMPLY WITH THE PROVISIONS OF RULES OF CIVIL PROCEDURE, O.R.C. 56(C), TO DETERMINE THE EXISTENCE OF AN ORAL CONTRACT BETWEEN THE PLAINTIFF AND THE DEFENDANTS."
 ASSIGNMENT OF ERROR NUMBER TWO
"THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO THE DEFENDANT, RENO TRANSPORTATION, LTD., IN SUSTAINING THE MOTION OF THE PLAINTIFF FOR SUMMARY JUDGMENT BASED UPON A CLAIM FOR RECOVERY WHICH WAS NOT SET FORTH AS A CLAIM FOR RECOVERY IN PLAINTIFF'S COMPLAINT; THAT IS, THAT RENO TRANSPORTATION, LTD., WAS THE `ALTER EGO' OF THE DEFENDANT TRI PORT TRANSPORTATION, INC."
 {¶ 4} In their first assignment of error, appellants have argued that the trial court erred when it granted Monitor's motion for summary judgment in that it relied on evidence not of the type enumerated in Civ.R. 56(C). In their second assignment of error, appellants have argued that the trial court erred in granting Monitor's motion for summary judgment as against Reno Transportation, Ltd. based upon a claim which was not asserted in Monitor's original complaint. Because the judgment entry appealed from does not constitute a final, appealable order, we decline to address the merits of the instant appeal.
 {¶ 5} This Court has jurisdiction to review and affirm, modify, or reverse the judgment or final order of a trial court. App.R. 12(A)(1)(a); R.C. 2505.02. We have stated:
"If an order is filed in an action that involves a claim against more than one party or that asserts more than one claim, and the order does not resolve all claims against all parties, the order must meet the requirements of both Civ.R. 54(B) and R.C. 2505.02 to be considered final and appealable." Tadmor v.Huntington Natl. Bank, 9th Dist. No. 22760, 2006-Ohio-1046, at ¶ 13, citing Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, 88.
Civ.R. 54(B) provides that when multiple parties are involved, the court "may enter final judgment as to one or more but fewer than all the claims * * * only upon an express determination that there is no just reason for delay." Id.
 {¶ 6} In the present case, it is evident from the record that the action involves a claim against more than one party. The action was brought against Tri Port, Reno and Fultz. Further, the summary judgment order appealed from does not resolve all of the claims against all parties. While the order granted Monitor's motion and entered judgment against Tri Port and Reno, the order failed to resolve the claim regarding Fultz. Therefore, the October 18, 2005 order was required to contain the requisite Civ.R. 54(B) language to constitute a final, appealable order.
 {¶ 7} The order at issue in the instant matter stated that "[t]his is a final order as against these Defendants only that shall not be delayed." In Tadmor, supra, this Court held that an order which required 54(B) language to be final and appealable must at least contain language that substantially complies with Civ.R. 54(B). Tadmor at ¶ 17. Specifically, we found that the phrase "[t]his is a final order that shall not be delayed" fell short of the substantial compliance standard and was not a final, appealable order. (Emphasis in original). Id. at ¶ 18.
 {¶ 8} The language of the October 18, 2005 order and the order at issue in Tadmor is nearly identical. Pursuant to this Court's opinion in Tadmor, we find that the phrase used in the October 18, 2005 order granting summary judgment in favor of Monitor — "this is a final order as against these Defendants onlythat shall not be delayed." — does not substantially comply with Civ.R. 54(B). (Emphasis in original). Id. at ¶ 18. Accordingly, we conclude that the judgment does not constitute a final, appealable order.
 III {¶ 9} Appellants' appeal is dismissed for lack of a final, appealable order.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Slaby, P.J., Moore, J., concur.