DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Deborah Fisher Tadmor, appeals from a judgment of the Summit County Court of Common Pleas that ordered the confirmation of sale in an action to foreclose upon real property. We affirm.
 {¶ 2} This case involves a foreclosure and various other legal disputes concerning Tadmor's ownership of a home in Bath Township and a real estate mortgage with Huntington Mortgage Company, now know as Huntington National Bank. The original foreclosure of the property was reversed and remanded by this Court because Tadmor had not been properly served with the complaint. Huntington Natl. Bank v. Fisher, 9th Dist. Nos. 21435 21582, 2003-Ohio-5902. On remand, the trial court also considered the many causes of action that had been filed as cross-claims, counterclaims and third-party claims by Tadmor. A subsequent appeal was affirmed in part and dismissed in part for lack of a final, appealable order. See Tadmor v. HuntingtonNatl. Bank, 9th Dist. No. 22760, 2006-Ohio-1046.
 {¶ 3} On May 27, 2005, the trial court entered a decree of foreclosure. On July 14, 2005, Tadmor voluntarily dismissed her complaint. No appeal was taken within the next thirty days. On December 1, 2005, the trial court confirmed the sale. Tadmor appeals and raises five assignments of error that will be consolidated for ease of review.
 ASSIGNMENT OF ERROR I
"The trial court committed reversible error in its findings and order of confirmation of sale of December 1, 2005 in that the orders and proceedings of the foreclosure and sale action as to the dismissal of [Tadmor's] claims and as to the possessory order were not done in accordance with law, rendering the sale invalid and illegal."
 ASSIGNMENT OF ERROR II
"The trial court committed reversible error in its order of confirmation of sale of December 1, 2005 when it ordered the clerk of courts to cancel all encumbrances on the property."
 ASSIGNMENT OF ERROR III
"The trial court committed reversible error where, as here, the court made findings and orders of proper service upon Jonathan Fisher Tadmor, husband of Deborah Fisher Tadmor, based not on evidence, but rather on erroneous unsworn statements of Huntington Bank council."
 ASSIGNMENT OF ERROR IV
"The trial court committed reversible error by issuing the possessory order of September 29, 2005 in that said trial court lacked authority to issue said possessory order."
 ASSIGNMENT OF ERROR V
"The trial court committed reversible error in issuing the ex parte possessory order of September 29, 2005, such relief being ordered in favor of Huntington National Bank without an opportunity to [Tadmor] to file objections/response thereto in violation of [Tadmor's] due process rights under the 14th Amendment and constituting a taking of property without compensation."
 {¶ 4} Tadmor filed her notice of appeal in this case on December 16, 2005, fifteen days after the confirmation of sale. She has not timely appealed from the foreclosure order, however, as that order became final when Tadmor dismissed her complaint on July 14, 2005.
 {¶ 5} On appeal from the confirmation of a judicial sale, this Court is limited to determining whether the sale was conducted as required by R.C. 2329.01 through R.C. 2329.61. See R.C. 2329.31; Bank One Dayton, NA v. Ellington (1995),105 Ohio App.3d 13, 16. Tadmor is limited to challenging the sheriff's sale, the confirmation order, or other events that occurred after the decree of foreclosure. See Bank One, NA v. Ray, 10th Dist. No. 04AP907, 2005-Ohio-3277, at ¶ 24. Issues regarding the validity of the mortgage lien and the foreclosure are not before this Court.
 {¶ 6} Most of Tadmor's arguments pertain to matters that were resolved in the foreclosure decree, and were no longer at issue when the trial court confirmed the sheriff's sale. Tadmor rehashes arguments that she has attempted to raise in prior appeals to this Court, but which challenge pre-foreclosure actions of the trial court over which this Court has no appellate jurisdiction. In this appeal, our jurisdiction is limited to reviewing only trial court action that occurred after the decree of foreclosure.
 {¶ 7} Some of Tadmor's assigned errors do challenge trial court action that occurred after the foreclosure decree, although these arguments are also intertwined with allegations of error that predate the foreclosure order. Tadmor contends that the trial court lacked authority to issue an order that authorized Huntington to enter the property to prepare it for the sheriff's sale. Tadmor fails to articulate, however, how or why that action by the trial court failed to comply with the statutory requirements set forth in R.C. 2329.01 through R.C. 2329.61. Tadmor fails to cite any authority to support her position that the trial court erred in allowing Huntington to clean up the property. It is the burden of the appellant to demonstrate error on appeal, which Tadmor has failed to do. See Pennant Molding,Inc. v. C J Trucking Co. (1983), 11 Ohio App.3d 248, 251.
 {¶ 8} Although Tadmor also asserted that her husband, a separate party, had not been properly served with notice of any of the proceedings including the sheriff's sale, she lacked standing to assert his due process rights.
 {¶ 9} Because Tadmor has failed to demonstrate any error in the confirmation of sale, her five assignments of error are overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant, Deborah Fisher Tadmor.
Carr, J. Boyle, J. concur.