DECISION AND JOURNAL ENTRY
{¶ 1} Defendant/Appellant, Barbara Wellemeyer, appeals an order that granted summary judgment awarding attorney fees in favor of Plaintiff/Appellee Shady Hollow Condominium Owners' Association, Inc. (the "Association") by the Summit County Court of Common Pleas. We dismiss for lack of jurisdiction.
 {¶ 2} At the time this action ensued, Wellemeyer was the owner of a condominium within the Shady Hollow Condominium and was a member of the Association. Wellemeyer was subject to the Association's Declaration of Condominium Ownership and its Handbook of Rules and Information. On Thursday, September 21, 2006, an advertisement was run in the West Side Leader periodical about a "tag sale" to be held at Wellemeyer's condominium and to be run by A. Marcia Zarembka's Tag Sales. On September 22, 2006, Shady Hollow property manager, Carnation Realty, Inc., served a notice upon Wellemeyer advising her that the advertised "tag sale" was a violation of the Association rules and declaration and could not go forward. Also on *Page 2 
September 22, 2006, the Association filed a complaint for preliminary and permanent injunction and a motion for temporary restraining order against Wellemeyer and A. Marcia Zarembka's Tag Sales. The tag sale did not go forward. The trial court granted the temporary restraining order on September 22, 2007. The complaint also sought attorney fees and costs.
 {¶ 3} On May 15, 2007, the Association moved for summary judgment on the issue of attorney fees to which Wellemeyer responded on June 14, 2007. On July 16, 2007, the trial court issued a judgment entry advising that it intended to grant the Association's motion for summary judgment as to attorney fees and giving Wellemeyer ten days to challenge the reasonableness of the attorney fees sought. On July 27, 2007, the Associated filed an affidavit in support of attorney fees and costs and on August 2, 2007, Wellemeyer filed a response to the affidavit asserting that attorney fees were not warranted. On January 2, 2008, the trial court granted judgment in favor of the Association for its attorney fees and costs in the amount of $2,153.00.
 {¶ 4} Wellemeyer timely appealed the January 2, 2008 judgment entry and raises one assignment of error.
 Assignment of Error "The [Association] was not entitled to summary judgment and the [Association] was not entitled to a grant of attorney fees and costs."
 {¶ 5} We find that the judgment from which Wellemeyer is appealing is not a final appealable order pursuant to Civ. R. 54(B) and R.C. 2505.02, and thus, we have no jurisdiction to review the underlying case.
 {¶ 6} The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts. Section 3(B)(2), Article IV. Accordingly, this Court has jurisdiction to review only final and appealable orders. See Harkai v. Scherba Industries, Inc.
(2000), 136 Ohio App.3d 211, 219. "For a judgment to be final and appealable, the requirements *Page 3 
of R.C. 2505.02 and Civ. R. 54(B), if applicable, must be satisfied."Konstand v. Barberton, 9th Dist. No. 21651, 2003-Ohio-7187, at ¶ 4, citing Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86,88.
 {¶ 7} Because this case involves multiple claims and multiple parties, and the trial court's order granting partial summary judgment only disposed of the Association's claim for attorney fees and costs and not the underlying action for permanent injunction, against either Wellemeyer or the co-defendant, A. Marcia Zarembka's Tag Sales, Civ. R. 54(B) is applicable here. Civ. R. 54(B) provides in relevant part:
 "When more than one claim for relief is presented in an action * * * the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties[.]" (Emphasis added.)
 {¶ 8} The trial court's January 2, 2008 judgment entry does not contain Civ. R. 54(B) language. Because there is not a judgment entry disposing of all of the Association's claims against Wellemeyer and A. Marcia Zarembka's Tag Sales and because the January 2, 2008 judgment entry does not "ma[k]e the essential determination required by Civ. R. 54(B)," the order from which Wellemeyer appeals is not a final, appealable order, and Wellemeyer's appeal is dismissed. See Tadmor v.Huntington Natl. Bank, 9th Dist. No. 22760, 2006-Ohio-1046 at ¶ 17.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the *Page 4 
period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. Costs taxed to Appellant.
 MOORE, P. J. DICKINSON, J. CONCUR *Page 1