DECISION AND JOURNAL ENTRY
{¶ 1} Defendant/Appellant, Barbara Wellemeyer, appeals the judgment of the Summit County Court of Common Pleas granting summary judgment for attorney fees to Plaintiff/Appellee, Shady Hollow Condominium Owners' Association ("Association"). We dismiss the appeal.
 {¶ 2} We set forth the facts leading to this appeal in Shady HollowCondominium Owners' Assn v. Wellemeyer, 9th Dist. No. 24060,2008-Ohio-2955 ("Shady Hollow I") as follows:
 "At the time this action ensued, Wellemeyer was the owner of a condominium within the Shady Hollow Condominium [sic] and was a member of the Association. Wellemeyer was subject to the Association's Declaration of Condominium Ownership and its Handbook of Rules and Information. On Thursday, September 21, 2006, an advertisement was run in the West Side Leader periodical about a `tag sale' to be held at Wellemeyer's condominium and to be run by A. Marcia Zarembka's Tag Sales. On September 22, 2006, Shady Hollow property manager, Carnation Realty, Inc., served a notice upon Wellemeyer advising her that the advertised `tag sale' was a violation of the Association rules *Page 2 
and declaration and could not go forward. Also on September 22, 2006, the Association filed a complaint for preliminary and permanent injunction and a motion for temporary restraining order against Wellemeyer and A. Marcia Zarembka's Tag Sales. The tag sale did not go forward. The trial court granted the temporary restraining order on September 22, 2007. The complaint also sought attorney fees and costs.
 "On May 15, 2007, the Association moved for summary judgment on the issue of attorney fees to which Wellemeyer responded on June 14, 2007. On July 16, 2007, the trial court issued a judgment entry advising that it intended to grant the Association's motion for summary judgment as to attorney fees and giving Wellemeyer ten days to challenge the reasonableness of the attorney fees sought. On July 27, 2007, the Associated filed an affidavit in support of attorney fees and costs and on August 2, 2007, Wellemeyer filed a response to the affidavit asserting that attorney fees were not warranted. On January 2, 2008, the trial court granted judgment in favor of the Association for its attorney fees and costs in the amount of $2,153.00." Shady Hollow I
at ¶ 2-3.
 {¶ 3} Wellemeyer timely appealed the January 2, 2008 judgment entry, but we dismissed her appeal because the trial court's entry failed to resolve all of the claims against all of the parties and did not include Civ. R. 54(B) language. Shady Hollow I at ¶ 8. The trial court subsequently issued a judgment entry on June 30, 2008, denying the Association's request for permanent injunction, extinguishing the temporary restraining order, and denying "[a]ll matters not otherwise ruled upon[.]" The June 30, 2008 entry also reiterated the award of attorney fees and costs granted in the January 2, 2008 order.
 {¶ 4} Wellemeyer timely appealed the June 30, 2008 order and raises one assignment of error.
 Assignment of Error "The [Association] was not entitled to summary judgment and the [Association] was not entitled to a grant of attorney fees and costs."
 {¶ 5} In her sole assignment of error, Wellemeyer challenges the judgment granted in favor of the Association, which awarded attorney fees and costs to the Association. Wellemeyer is not challenging the amount of attorney fees and costs awarded. We find that the judgment *Page 3 
from which Wellemeyer is appealing is not a final appealable order and thus, we have no jurisdiction to review the underlying case.
 {¶ 6} The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts. Section 3(B)(2), Article IV. Accordingly, this Court has jurisdiction to review only final and appealable orders. See Harkai v. Scherba Industries, Inc.
(2000), 136 Ohio App.3d 211, 219. "For a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ. R. 54(B), if applicable, must be satisfied." Konstand v. Barberton, 9th Dist. No. 21651, 2003-Ohio-7187, at ¶ 4, citing Chef Italiano Corp. v. Kent StateUniv. (1989), 44 Ohio St.3d 86, 88.
 {¶ 7} In Harkai, this Court held that, "[i]f the judgment fails to speak to an area which was disputed, uses ambiguous or confusing language, or is otherwise indefinite, the parties and subsequent courts will be unable to determine how the parties' rights and obligations were fixed by the trial court.'" Id. at 216, quoting Walker v. Walker (Aug. 5, 1987), 9th Dist. No. 12978, at *2.
 {¶ 8} The parties' rights cannot be determined from the June 30, 2008 order and thus, the order is not a final appealable order.
 {¶ 9} Wellemeyer's assignment of error is not addressed because this Court lacks jurisdiction over the appeal. The appeal, therefore, is dismissed.
Appeal dismissed
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the *Page 4 
period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
 MOORE, P. J., DICKINSON, J. CONCUR. *Page 1