MISSOURI PACIFIC RAILROAD COMPANY, Plaintiff-Appellee,

v.

CENTER PLAINS INDUSTRIES, INC., Defendant-Appellant.

No. 82–1696.

United States Court of Appeals, Fifth Circuit.

Oct. 28, 1983.

Underwood, Wilson, Berry, Stein & Johnson, Josiah M. Daniel, III, Amarillo, Tex., for defendant-appellant.

Chris D. Cox, Dallas, Tex., for plaintiff-appellee.

Before POLITZ, JOHNSON and WILLIAMS, Circuit Judges.

PER CURIAM:

Missouri Pacific Railroad Company secured a judgment against Center Plains Industries, Inc., for the freight charges accruing from the transportation of 13 tank carloads of nitrogen fertilizer. Center Plains appeals, contending that the trial court erred in its findings and conclusions that Center Plains as shipper, and not third persons, was responsible for the freight charges.

We find no merit in appellant's assignments of error. The recent teaching of the Supreme Court in *Southern Pacific Transportation Co. v. Commercial Metals Co.*, 456 U.S. 336, 102 S.Ct. 1815, 72 L.Ed.2d 114 (1982), reversing a decision of this court, is essentially dispositive of the issues raised. We are reminded, as the Court there noted, "that a carrier has not only the right but also the duty to recover its proper charges for services performed." *Id.* at 342, 102 S.Ct. at 1819. Payment of those charges is the original responsibility of the shipper. This responsibility may be shifted to a third party, generally the consignee of the shipment. But the transfer of this responsibility must be clearly established by the agreement between the parties or the circumstances surrounding the receipt and transportation of the goods. *Id.* Typically, transfer of responsibility for payment of shipping charges is done by the shipper exercising the privilege made available by Section 7 of the Contract Terms and Conditions printed on the reverse side of the bill of lading by the simple expedient of marking the section 7 box on the bill of lading. Center Plains seeks to avoid liability by noting that each bill of lading had typed thereon "Send Freight Bill To," followed by the name and address of a third party. We are not persuaded that this simple glossation, in the circumstances as found by the trial court, is sufficient to transfer the obligation of payment. Nor are we persuaded that Missouri Pacific is barred by estoppel from collecting the freight charges.

However, we find no basis for the allowance of attorney's fees. The district court granted fees based on Tex.Rev.Civ. Stat.Ann. art. 2226. There is no provision of the Interstate Commerce Act which authorizes recovery of attorney's fees in a lawsuit to collect unpaid tariff charges. We find the decision disallowing recovery of attorney's fees in freight damage suits to be persuasive. *See Strickland Transp. Co. v. American Distributing Co.*, 198 F.2d 546 (5th Cir.1952).

The judgment of the district court is AFFIRMED, except insofar as it awarded attorney's fees; in that regard, the judgment is REVERSED.