IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 95-20938

---

BESTWAY SYSTEMS, INC.,

Plaintiff-Appellee,

versus

GULF FORGE COMPANY, ET AL.,

Defendants,

ELLWOOD QUALITY STEELS COMPANY,

Defendant-Appellant.

---

Appeal from the United States District Court for the
Southern District of Texas

---

November 12, 1996

Before GARWOOD, DAVIS and STEWART, Circuit Judges.

PER CURIAM:

After considering the argument of counsel, the briefs, and the relevant portions of the record, this Court concludes that the district court correctly rendered judgment for the carrier, plaintiff-appellee Bestway Systems, Inc. (Bestway), against the shipper, defendant-appellant Ellwood Quality Steels Company (Ellwood). We are generally in agreement with the district court's findings of fact and conclusions of law, a copy of which is attached hereto. The district court's findings of fact are essentially unchallenged. We note that the bills of lading were

prepared and signed by Ellwood and were furnished by it to Bestway when Bestway picked up Ellwood's goods.  Typed in on the bill of lading before Ellwood's name is the word "shipper."  There is no place on the bill of lading, in either the preprinted form portion or the typed portion thereof, in which the name of the "consignor" is to be stated; nor does anything on the bill of lading otherwise indicate or suggest that the "shipper" or Ellwood was not the consignor or that the "shipper" and the consignor might be different entities.  The only question presented is whether the proper construction of the bills of lading, to which Ellwood indisputably made itself a party, is that Ellwood is the consignor therein.  If so, as Ellwood concedes, its failure to sign the section 7 disclaimer renders it liable to Bestway.  We conclude, as did the district court, that under the circumstances the only proper interpretation of the bills of lading is that Ellwood was the consignor therein.[1]  Accordingly, the judgment of the district court is

AFFIRMED.

---

[1]We have no disagreement with *Thunderbird Motor Freight Lines, Inc. v. Seaman Timber Co., Inc.*, 734 F.2d 630 (11th Cir. 1984), relied on by Ellwood, but there the shipper did not sign or adopt any bill of lading, and there was no other contract between the shipper and the carrier.

2