JOURNAL ENTRY AND OPINION *Page 4 
{¶ 1} Plaintiff-appellant, Joseph Boyd ("Boyd"), appeals the trial court's granting of partial summary judgment in favor of defendants-appellees, Lincoln Electric Company, The BOC Group, Inc., The ESAB Group, Inc., Hobart Brothers Company, and Deloro Stellite, L.P., (collectively "appellees"). For the following reasons, we are without jurisdiction to consider this appeal.
 {¶ 2} Boyd worked for several different employers as a boilermaker welder from 1977 until 2004. In 1999, Boyd began noticing neurological symptoms, which progressed and became worse over time. In 2004, Boyd was diagnosed with manganism, or manganese induced parkinsonism.
 {¶ 3} Later that year, Boyd filed suit against the appellees, who are manufacturers of welding rods, wires, and other consumables. Boyd alleged that the appellees failed to warn him that overexposure to manganese in welding fumes could cause neurological injuries.
 {¶ 4} In 2006, Boyd filed a second amended complaint, adding an employer intentional tort claim against his primary employers. His 48-page complaint alleged twelve claims. The appellees moved for summary judgment. The trial court heard oral arguments over a three-day period in December 2006. In June 2007, the trial court granted the motion for summary judgment on counts three, four, five, six, and nine. The following month, the trial court also granted summary judgment on counts *Page 5 
one, two, ten and eleven of the complaint, which left only count twelve, Boyd's claim against his employers for intentional tort, pending for trial.
 {¶ 5} Boyd filed a motion for reconsideration, or, in the alternative, to immediately "certify a Civ. R. 54(B) appeal" and stay the scheduled September 2007 trial date. The motion for reconsideration asked the trial court to reconsider its finding as to counts one through six and nine through eleven. The trial court denied Boyd's motion for reconsideration but granted the motion to "certify a Civ. R. 54(B) appeal."
 {¶ 6} Boyd filed this instant appeal, alleging two assignments of error for our review.[1] In his notice of appeal, Boyd stated that he was appealing the trial court's granting of summary judgment and the court's denial of his motion for reconsideration only as to counts three through six and count nine.
 {¶ 7} The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts. Section 3(B)(2), Article IV. Accordingly, this court has jurisdiction to review only final and appealable orders. See Harkai v. Scherba Industries, Inc.
(2000), 136 Ohio App.3d 211, 219, 736 N.E.2d 101. For a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ. R. 54(B), if applicable, must be satisfied. Stewart v. Midwestern Indemn. Co.
(1989), 45 Ohio St.3d 124, 543 N.E.2d 1200. *Page 6 
 {¶ 8} Civ. R. 54(B) is applicable to this case because it involves multiple claims and parties and the trial court's granting of partial summary judgment disposed of fewer than all the claims and parties. Civ. R. 54(B) provides in relevant part:
 {¶ 9} "When more than one claim for relief is presented in an action * * * the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties[.]"
 {¶ 10} In Noble v. Colwell (1989), 44 Ohio St.3d 92, 96,540 N.E.2d 1381, the Ohio Supreme Court stated:
 "Rule 54(B) makes mandatory the use of the language, "there is no just reason for delay." Unless those words appear where multiple claims and/or multiple parties exist, the order is subject to modification and it cannot be either final or appealable. * * * The required language puts the parties on notice when an order or decree has become final for purposes of appeal." (Internal citations omitted.)
 {¶ 11} See Stewart; Tolley v. Allstate Ins. Co., Cuyahoga App. No. 83255, 2004-Ohio-1270; State v. Bryan, Cuyahoga App. No. 87482,2006-Ohio-5022; Bankers Trust Co. of Cal., N.A. v. Tutin, Summit App. Nos. 22850 and 22870, 2006-Ohio-1178; Tadmor v. Huntington Natl. Bank v.Fisher, Summit App. No. 22760, 2006-Ohio-1046.
 {¶ 12} In the instant case, the initial order granting summary judgment did not include the requisite Civ. R. 54(B) language. Boyd filed his motion for *Page 7 
reconsideration and argued, in the alternative, that the trial court "certify a 54(B) appeal." In its order, the trial court denied the motion for reconsideration but stated the following:
 {¶ 13} "Plaintiff's motion, in the alternative to immediately certify a Civ. R. 54(B) appeal and stay the September 17, 2007 trial until appeals of this court's decision are completed, is granted. * * * It is so ordered."
 {¶ 14} As stated above, Civ. R. 54(B) expressly requires language to the effect that there is no just reason for delay. In this case, the trial court omitted the language from its judgment entry; thus, the court failed to make the essential determination as required by Civ. R. 54(B). Additionally, although we have previously used the term "Civ. R. 54(B) certification" to describe the method for obtaining a final order, we know of no such process by which a trial court may "certify" an appeal. Cf. App. R. 25, S.Ct.Prac. R. IV.
 {¶ 15} Accordingly, we conclude that we are without jurisdiction over this matter, and we dismiss this appeal.
It is ordered that appellees recover of appellant costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY EILEEN KILBANE, J., and *Page 8 
FRANK D. CELEBREZZE, JR., J., CONCUR
[1] In his first assignment of error, Boyd argues that the trial court erred in granting summary judgment. In his second assignment of error, Boyd argues that the trial court erred in denying his motion for reconsideration. *Page 1