[Cite as *Continuum Transp. Servs., Ltd. v. Elite Internatl. Corp., L.L.C.*, 2022-Ohio-3738.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CONTINUUM TRANSPORTATION
SERVICES, LTD.,

        Plaintiff-Appellant,

        v.

ELITE INTERNATIONAL
CORP. L.L.C., ET AL.,

        Defendants-Appellees.

:
:
:
:      No. 111261
:
:
:
:

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 20, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-917738

*Appearances:*

Mansour Gavin LPA, Brendon P. Friesen, and Kenneth E.
Smith, *for appellees*.

Schneider Smeltz Spieth Bell LLP, Mark M. Mikhaiel, and
Ryan P. Nowlin, *for appellee* Dometic Corporation.

MICHELLE J. SHEEHAN, J.:

{¶ 1} Plaintiff-appellant Continuum Transportation Services, Ltd.

("Continuum") seeks to have the damages granted by summary judgment in its favor

against Dometic Corporation ("Dometic") reversed. Continuum alleges that the trial court did not apply the correct law in determining the damages due. Because the trial court did not abuse its discretion in determining damages, the judgment of the trial court is affirmed.

I. PROCEDURAL HISTORY AND RELEVANT FACTS

{¶ 2} Dometic is a manufacturer of goods for recreational vehicles. Continuum is a trucking company. Elite International Corp, LLC, is a freight forwarder. In 2017, Dometic used Elite for shipping. Elite contracted with Continuum to move goods from Illinois to Dometic's locations in several states. There is no dispute that Continuum transported goods, invoiced $51,003.57 to Elite, and was not paid. There is also no dispute that Elite received partial payment from Dometic for the transportation of the goods invoiced by Continuum.

{¶ 3} On July 3, 2019, Continuum filed suit to recover the amount due on its invoices for transporting goods. Continuum amended its complaint twice and, in all, asserted claims against Dometic and one of its employees; Elite and its owners, Kathy Spencer and Sam Marcello; as well as two insurers, Avalon Risk Management, Inc. and Southwest Marine and General Insurance Co. Pertinent to this appeal, Continuum asserted three causes of action under Ohio law against Dometic and its employee: promissory estoppel, unjust enrichment, and quantum meruit. Continuum did not make contract claims against Dometic, nor did it assert any claims under the Interstate Commerce Act.

{¶ 4} By May 10, 2021, Continuum obtained default judgments against Elite and Marcello. The claims against the insurers were dismissed. On June 28, 2021, with only claims remaining against Dometic, its employee, and the Estate of Kathy Spencer,[1] Continuum moved for summary judgment against the remaining parties.

{¶ 5} In seeking summary judgment on its claims against Dometic,[2] Continuum argued that it was entitled to full payment for its services because of a "bedrock rule" of law in carriage cases. Continuum argued that this rule provides the carrier of goods is entitled to payment, even if the consignor or consignee of the goods already paid a shipping agent for those services. Dometic asserted that it was not liable to Continuum because it paid Elite for the shipping performed by Continuum and that the "bedrock rule" relied upon by Continuum was not applicable to the claims made in the complaint. Dometic did admit that it was liable for the portion of the work Continuum performed that it did not pay Elite for.

{¶ 6} After briefing was completed on the motion for summary judgment, Dometic produced bills of lading regarding the goods transported by Elite. The bills of lading pertained to the shipment of the goods from overseas to Illinois, listed

---

[1] Kathy Spencer passed away during the litigation, and her estate was substituted as a defendant.

[2] On July 26, 2021, Continuum dismissed its claims against Dometic's employee.

Dometic as the consignee, Elite as forwarding Agent, but did not reference Continuum.

{¶ 7} On September 22, 2021, the trial court issued a partial ruling on Continuum's motion for summary judgment. It found Dometic liable to Continuum in the amount of $7,920, the difference between the invoices presented by Continuum and the amount Dometic paid Elite. It further found in favor of Continuum on its claims against Spencer's estate and ordered briefing regarding further damages against Spencer's estate. This journal entry did not dispose of all claims against all parties in the lawsuit, nor did it include language that indicated there was no just reason for delay for an appeal to be taken.

{¶ 8} In explaining its ruling on the motion for summary judgment, the trial court distinguished the cases Continuum relied on for the proposition that it was entitled to payment from Dometic because those cases found liability based on the language in the bills of lading. It also reviewed the legal requirements of Continuum's causes of action, found against Continuum on its claim of promissory estoppel, and determined "that equity is served here by judgment in favor of Continuum against Dometic in the amount of $7,972.00, reflective of the amount owed by Dometic to Elite for plaintiff's services under Dometic's contract with Elite."

{¶ 9} On October 6, 2021, Continuum filed affidavits in support of its claim for further damages against Spencer's estate. It also filed a motion for relief from judgment pursuant to Civ.R. 60 alleging that Dometic violated discovery rules by not timely providing bills of lading and asking the trial court to reconsider the award

of damages against Dometic based upon those bills of lading and to further award Continuum sanctions for Dometic's discovery violation.

{¶ 10} On January 18, 2022, the trial court issued a further judgment entry on Continuum's summary judgment motion. The trial court awarded Continuum additional damages against Spencer's estate. On the same date, the trial court denied Continuum's motion for relief from judgment.

{¶ 11} Continuum appeals the September 22, 2021 journal entry granting it summary judgment against Dometic and the trial court's January 18, 2022 denial of its motion for relief from judgment.

## II. LAW AND ARGUMENT

A. Continuum's appeal of the January 18, 2022 journal entry was timely filed and it may assert error in the trial court's September 22, 2021 journal entry

{¶ 12} Within this appeal, Dometic filed a motion to dismiss Continuum's first assignment of error contending that Continuum did not timely appeal the September 22, 2021 journal entry. Dometic asserts that this entry resolved all of Continuum's claims against it and, as such, the journal entry was a final appealable order that Continuum did not timely appeal. Continuum argues that the September 22, 2021 journal entry was not a final appealable order and that it timely filed this appeal after the trial court disposed of all claims against all parties on January 18, 2022.

{¶ 13} The lawsuit in this case contained several claims against several parties. In the September 22, 2021 journal entry, the trial court did not dispose of

all claims against all parties in the lawsuit. Where an order determines one or more of the claims against one or more parties in a lawsuit, but does not resolve all claims against all parties, Civ.R. 54 allows a court to recognize such order as being final. However, for that order to be appealable, the order must be both final pursuant to R.C. 2505.02 and the trial court must comply with Civ.R. 54(B)(2). *Stewart v. Midwestern Indemn. Co.*, 45 Ohio St.3d 124, 127, 543 N.E.2d 1200 (1989), *Boyd v. Lincoln Elec. Co.*, 8th Dist. Cuyahoga No. 90315, 2008-Ohio-3044, ¶ 10-11, citing *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989).

{¶ 14} In this case, the September 22, 2021 order was a final order as to all claims against Dometic, but because all claims against all parties had not yet been resolved, that order could only have been appealed had the trial court complied with Civ.R. 54(B). Because the trial court did not include Civ.R. 54(B) language that there was not just cause for delay, the September 22, 2021 journal entry was not a final, appealable order upon which an appeal could be taken. Continuum timely filed its appeal following the trial court's resolution of all remaining claims and defendants in the January 18, 2022 journal entry. Dometic's motion to dismiss Continuum's first assignment of error is not well taken.

B. Continuum's assignments of error

{¶ 15} Continuum asserts three assignments of error. The first reads:

The trial court erred as a matter of law in granting only partial summary judgment to appellant on its equitable, quasi- contractual claims against appellee Dometic corporation via an award of only a portion of appellant's damages.

{¶ 16} Under this assignment of error, Continuum makes two distinct arguments 1) the trial court failed to apply the correct measure of damages and 2) the trial court was incorrect to require Continuum to file bills of lading in order to apply the correct law to determine damages.

{¶ 17} The second assignment of error reads:

The trial court abused its discretion when it denied appellant's motion for partial relief from judgment without hearing and without providing rationale for its decision after appellant demonstrated that appellee had withheld relevant evidence until after the close of discovery and after briefing on appellant's motion for summary judgment had been completed.

{¶ 18} Continuum argues that the trial court should have granted its motion for partial relief from judgment because Dometic withheld the bills of lading until after the briefing for summary judgment was completed. Additionally, Continuum argues that the trial court should have held a hearing on the motion for partial relief where the trial court decided the motion for summary judgment without the bills of lading.

{¶ 19} The third assignment of error reads:

The trial court abused its discretion when it failed to award relief to Continuum under Civ. R. 37(c)(1) for appellee Dometic corporation's withholding of relevant evidence in discovery that prejudiced appellant's case.

{¶ 20} Continuum argues that Dometic should have been sanctioned for providing the bills of lading after summary judgment briefing had been completed, especially because the trial court cited the failure to file bills of lading in its judgment.

C. The trial court did not err in determining damages in this case or denying the motion for relief from judgment without hearing

1. Standards of review and relevant law

{¶ 21} Continuum challenges three distinct rulings by the trial court: its grant of summary judgment, its denial of the motion for relief from judgment, and its determination not to impose discovery sanctions. We review a trial court's grant of summary judgment de novo, applying the same standard the trial court applies under Civ.R. 56(C). *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). However, in this case, the parties do not contest that summary judgment was properly granted in Continuum's favor; rather the argument on appeal contests the damages determined by the trial court. While we review a grant of summary judgment de novo, the standard of review as to an award of damages is determined under an abuse of discretion standard. An "appellate court applies an abuse of discretion standard when reviewing a trial court's award of damages." *Campolieti v. Cleveland Dept. of Pub. Safety*, 8th Dist. Cuyahoga No. 99445, 2013- Ohio-5123, ¶ 36, citing *Roberts v. United States Fid. & Guar. Co.*, 75 Ohio St.3d 630, 634, 665 N.E.2d 664 (1996); *see also Roberts v. United States Fid. & Guar. Co.*, 75 Ohio St.3d 630, 634, 665 N.E.2d 664 (1996) ("We will not disturb a decision of the trial court as to a determination of damages absent an abuse of discretion.").

{¶ 22} Continuum also alleges error in the trial court's denial of its motion for relief from judgment, which decision is reviewed for an abuse of discretion. *Kellstone, Inc. v. Laken Shipping Corp.*, 8th Dist. Cuyahoga No. 95429,

2011-Ohio-484, ¶ 11 (citing *Shuford v. Owens*, 10th Dist. Franklin No. 07AP–1068, 2008-Ohio-6220, ¶ 15). Continuum further alleges that the trial court erred by not sanctioning Dometic for discovery violations. "We review a trial court's imposition of a sanction pursuant to Civ.R. 37 for abuse of discretion." *Garrett v. Cuyahoga Cty.*, 8th Dist. Cuyahoga No. 110787, 2022-Ohio-2770, ¶ 22.

{¶ 23} An abuse of discretion is more than mere error in judgment, it implies that the court's attitude is "unreasonable, arbitrary, or unconscionable." *State ex rel. Grady v. State Emp. Rels. Bd.*, 78 Ohio St.3d 181, 183, 677 N.E.2d 343 (1997). More recently, the Ohio Supreme Court refined its understanding of what constitutes an abuse of discretion, finding that an error in the application of law is an abuse of discretion. *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 38 ("This should be axiomatic: a court does not have discretion to misapply the law.").

{¶ 24} Continuum was granted summary judgment against Dometic on its claims for unjust enrichment and quantum meruit. The trial court determined that Continuum did not present evidence to support its claim of promissory estoppel, finding no "clear, unambiguous promise of direct payment by Dometic for unpaid invoice amounts owed by Elite." Continuum has not assigned as error this determination, nor has it specifically argued that a specific promise was made or shown such promise in the record. Accordingly, we address Continuum's arguments regarding the trial court's determination of damages under its causes of action for unjust enrichment and quantum meruit. *See* App.R. 12(A)(2).

{¶ 25} Unjust enrichment occurs when a person obtains a benefit that in "'justice or equity belong to another.'" *Johnson v. Microsoft Corp.*, 106 Ohio St.3d 278, 2005-Ohio-4985, 834 N.E.2d 791, ¶ 20, citing *Hummel v. Hummel*, 133 Ohio St. 520, 528, 14 N.E.2d 923 (1938). In order to receive judgment on a claim of unjust enrichment, "the plaintiff must prove by a preponderance of the evidence that 1) the plaintiff conferred a benefit upon the defendant, (2) the defendant had knowledge of such benefit, and (3) the defendant retained that benefit in which it would be unjust to do so without payment." *Id.*, citing *Johnson v. Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183, 465 N.E.2d 1298 (1984). Similarly, quantum meruit is a doctrine derived from equity that no one should be unjustly enriched by benefitting from the services of another, and as such, the doctrine provides an implied promise to pay for the services received despite the lack of a contract. *Sonkin & Melena Co., L.P.A. v. Zaransky*, 83 Ohio App.3d 169, 175, 614 N.E.2d 807 (8th Dist.1992). The elements of the claims overlap, differing in the manner in which damages can be determined. *Widok v. Estate of Wolf*, 8th Dist. Cuyahoga No. 108717, 2020-Ohio-5178, ¶ 75.

{¶ 26} Continuum asserts in its second assignment of error that the trial court erred in denying its motions for relief from judgment and for sanctions for Dometic's discovery violations. In order to prevail on a Civ.R. 60(B) motion,

> "the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where

the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken."

*GTE Automatic Electric v. ARC Industries*, 47 Ohio St.2d 146, 150 (1976).

> 2. The trial court did not abuse its discretion in determining damages on Continuum's equitable claims

{¶ 27} Under the first assignment of error, Continuum argues that it was entitled to full payment on its invoices from Dometic on the equitable theories of unjust enrichment and quantum meruit because the "bedrock rule of carriage cases is that, absent malfeasance, the carrier gets paid." *Exel Transp. Servs. v. CSX Lines L.L.C.*, 280 F.Supp.2d 617, 619 (S.D.Tex.2003). Continuum asserts this rule applies to its claims, citing *Exel Transp. Servs., supra*; *Eagle Transport Servs. v. Gentile Bros. Co.*, Hamilton C.P. No. A1107085, 2012 Ohio Misc. LEXIS 45 (Apr. 18, 2012); *Mo. Pac. R.R. Co. v. Ctr. Plains Indus., Inc.,* 720 F.2d 818, 819 (5th Cir. 1983); and *Contship Containerlines v. Howard Industries,* 309 F.3d 910 (6th Cir.2002), *aff'd on other grounds*, 309 F.3d 910 (6th Cir. 2002), and other similar cases as authority.

{¶ 28} Dometic distinguishes these cases and argues that the cases were brought under the Interstate Commerce Act and/or were determined upon the terms contained in relevant bills of lading, and as such, are distinguished from Continuum's equitable claims. Dometic further argues that the trial court properly determined damages, citing *Jackson Rapid Delivery Serv. v. Thomson Consumer Electronics, Inc.*, 210 F.Supp.2d 949 (N.D.Ill.2001). In *Jackson Rapid Delivery Serv.*, the carrier sued the shipper directly after the shipping agent failed to pay it. The court found that under a cause of action for quantum meruit, no unjust

enrichment was present where the shipper already paid for the delivery of the goods, and therefore the shipper was not required to pay both the shipping agent and the carrier. *Id*.

{¶ 29} In determining Continuum was entitled to recovery on its claims of unjust enrichment and quantum meruit, the trial court found Dometic liable to the extent it had not already paid Elite for Continuum's services. The trial court noted Continuum had not attached a bill of lading to its complaint and asserted only equitable causes of action. A bill of lading generally serves both as a receipt for goods as well as containing terms of shipment and payment. *E.g., Norfolk S. Ry. v. James N. Kirby, Pty Ltd.*, 543 U.S. 14, 18-19, 125 S.Ct. 385, 160 L.Ed.2d 283 (2004) ("A bill of lading records that a carrier has received goods from the party that wishes to ship them, states the terms of carriage, and serves as evidence of the contract for carriage."). Because Continuum did not attach pertinent bills of lading to its amended complaint or within its motion for summary judgment, the trial court was limited to determining the case upon the equitable claims asserted.

{¶ 30} Our review of the cases relied upon by Continuum finds those cases were decided either under the provisions of the Interstate Commerce Act and/or the terms of shipment determined from the bills of lading. In *Exel Transp. Servs., supra*, the district court relied on bills of lading, tariffs, and the fact that Marriot did not shift its liability to avoid the requirements of payment. 280 F.Supp.2d 617, 618. In *Eagle Transport Servs.,* the trial court awarded damages against a consignee based upon the freight carrier's Interstate Commerce Act claims as well as the terms

of the bill of lading. 2012 Ohio Misc. LEXIS 45. In *Mo. Pac. R.R. Co. v. Ctr. Plains Indus., Inc.,* 720 F.2d at 819, the court determined the case under the terms set forth in the bills of lading. In *Contship Containerlines v. Howard Industries,* 309 F.3d 910 (6th Cir.2002), *aff'd on other grounds*, 309 F.3d 910, 914 (6th Cir. 2002), the case was determined by finding an implied contract under federal law. These cases, and others cited by Continuum, are distinguishable from the instant case because they were decided under the framework of the Interstate Commerce Act, upon terms contained within a bill of lading, or upon the finding of an implied contract.

{¶ 31} Continuum did not attach a bill of lading containing terms of shipping and payment. Notably, Continuum asserted no contract claims against Dometic in its amended complaint. As such, we do not find the trial court was constrained to apply Continuum's "bedrock rule" of carriage cases so as to impose the measure of full damages in this case because the cases employing this "bedrock rule" of law did so not in equity, but on a finding based on contract terms found in fact or implied.

{¶ 32} In awarding damages, the trial court awarded only the amount of the invoices that had not been paid by Dometic. Generally, "[i]n unjust enrichment, damages are conferred in the amount the defendant benefitted. In quantum meruit, damages are the measure of the value of the plaintiff's services." *Loyer v. Loyer*, 6th Dist. Huron No. H-95-068, 1996 Ohio App. LEXIS 3432, 9 (Aug. 16, 1996); *A N Bros. Corp. v. Total Quality, LLC*, 2016-Ohio-549, 59 N.E.3d 758, ¶ 42 (12th Dist.). However, the determination of damages in this case is still an equitable remedy. *E.g., Natl. City Bank v. Fleming*, 2 Ohio App.3d 50, 58, 440 N.E.2d 590 (8th

Dist.1981) (An action in quantum meruit involves the application of equitable principles to the facts and circumstances.). Continuum was seeking equitable relief, and we do not find the trial court abused its discretion to limit the damages to that amount Dometic did not already pay. *See Eagle Transport Servs.* 2012 Ohio Misc. LEXIS 45, at 8 ("A shipper or consignee who has paid the freight charges in full to a broker is not unjustly enriched when receiving a shipment for which the carrier has not been paid for, as the shipper or consignee did not receive a benefit without making payment.").

{¶ 33} At oral argument and in the filing of subsequent authority, Continuum argued the trial court erred by not determining damages separately under its claims of quantum meruit and unjust enrichment because it would be entitled to a full award of damages under a theory of quantum meruit. Although Continuum noted that damages are calculated differently in quantum meruit and unjust enrichment cases, it did not argue within its assignments of error that the trial court abused its discretion by not applying those principles. *See* App.R. 12(A)(2) ("The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."). *Ringel v. Case W. Res. Univ.*, 8th Dist. Cuyahoga No. 82109, 2003-Ohio-1967, ¶ 9 – 10. Accordingly, we do not find the trial court abused its discretion in determining equitable damages and overrule the first assignment of error.

3. The trial court did not err by denying the motions for relief from judgment and for sanctions without holding a hearing

{¶ 34} In its second assignment of error, Continuum argues that it was unjust of the court to deny its motion for relief from judgment where Dometic provided bills of lading in discovery after the summary judgment briefing had been completed. Continuum alleges the trial court was required to reconsider its judgment entry because the trial court rejected its argument it was entitled to the full amount of damages it requested because no bills of lading had been produced. Further, Continuum argues that because the bills of lading were noted in the trial court's order, it erred by not holding a hearing once the bills of lading were produced, asserting that the bills of lading indicated Dometic's liability to Continuum for the invoices because they were not marked as "nonrecourse" or "prepaid," terms that would have relieved Dometic from liability for shipping charges.

{¶ 35} Dometic argues Continuum did not present a cognizable claim for relief from judgment because the bills of lading pertained to the freight of the goods from overseas to Illinois. Dometic notes that the bills of lading do not reference Continuum and do not indicate the transport of the freight from Illinois to any other location.

{¶ 36} In order to be granted relief from judgment under Civ.R. 60(B), a party must show that it has "a meritorious defense or claim if relief is granted." *GTE*

*Automatic Electric v. ARC Industries*, 47 Ohio St.2d 146, 150 (1976). In *H.G. v. E.G.*, 8th Dist. Cuyahoga No. 111004, 2022-Ohio-2585, ¶ 13, this court stated:

> If a party submits operative facts that if true would warrant relief from judgment, a hearing should be had. *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 19, 665 N.E.2d 1102 (1996). Conversely, where the party does not submit evidence that would warrant relief from judgment, a court does not err by denying a motion for relief from judgment without hearing. *Id.*

{¶ 37} A bill of lading generally serves to define the terms of the shipment of freight. *Norfolk S. Ry,* 543 U.S. at 18-19. However, the bills of lading in this case concern the transport of goods from overseas to Illinois. Although Continuum argued they bolster its claim for damages, the documents do not pertain to the work it performed. Accordingly, even had those bills of lading been produced earlier and considered by the trial court, they would not serve to supply contract terms that may have altered the trial court's resolution of the equitable causes of action propounded by Continuum.

{¶ 38} Within the third assignment of error, Continuum argues that the trial court erred by not holding a hearing and imposing sanctions for Dometic's violation of discovery rules, asserting it was prejudiced by Dometic's failure to timely disclose the bills of lading. As we find that the bills of lading were not relevant to the claims asserted by Continuum against Dometic in transporting the goods from Illinois, we do not find late disclosure of such documents to have prejudiced Continuum. Accordingly, the trial court did not abuse its discretion by denying Continuum's

motion for relief from judgment or abuse its discretion by denying the motion for sanctions. The second and third assignments of error are overruled.

III. CONCLUSION

{¶ 39} Continuum asserted equitable causes of action in this case. The trial court did not abuse its discretion in determining damages based upon principles of equity. Further, although Dometic produced bills of lading pertaining to the goods later transported by Continuum, those bills of lading concerned the shipment of the goods from overseas and did not apply to the services performed by Continuum. Because the bills of lading did not apply to the work performed by Continuum, the trial court did not abuse its discretion by denying Continuum's motion for relief for judgment and discovery violation sanctions.

{¶ 40} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.


_____
MICHELLE J. SHEEHAN, JUDGE

EILEEN A. GALLAGHER, P.J., CONCURS;
LISA B. FORBES, J., CONCURS IN JUDGMENT ONLY